STATE OF FLORIDA, ex rel. ST. ANDREWS BAY LUMBER COMPANY, a corporation, *Relator,* vs. J. R. HUNTER, as Clerk of the Circuit Court of Gulf County, Florida, *Respondent.*

139 So. 138.

Division A.

Opinion filed January 5, 1932.

Petition for rehearing denied January 29, 1932.

*J. M. Sapp,* for Relator;
*John H. Carter, Jr.,* for Respondent.

BUFORD, C.J.—Alternative writ of mandamus was issued by this Court directed to J. R. Hunter, Clerk of the Circuit Court in and for Gulf County, Florida, directing and commanding him "forthwith to calculate the exact amount of money necessary to redeem the Southwest quarter of the Southwest quarter of section 7, Township 5, South, Range 10 West, from the tax sale certificate 121 of the August 1930 tax sales in and for Gulf County, Florida, and all subsequent and omitted unpaid taxes thereon, the same being that proportion of the total amount due on said tax sale certificate 121 as the amount of land in the Southwest quarter of the Southwest quarter of said section 7 bears to the total amount of land embraced in said tax sale certificate No. 121, together with all subsequent omitted and unpaid taxes due and owing on said Southwest quarter of the Southwest quarter of Section 7, Township 5, South, Range 10 West, and upon payment of same by St. Andrews Bay Lumber Company, together with all legal fees and charges for his services in the redemption of said lands and to make the proper entries and notations of record to release said Southwest quarter of Southwest quarter of Section 7, Township 5 South, Range 10 West from the said tax sale Certificate and the lien of said subsequent omitted and unpaid taxes."

The respondent made his return to the alternative writ admitting the allegations of the alternative writ and then said:

"Further answering said alternative writ, respondent avers that St. Andrews Bay Lumber Company, prior to the year 1929, and continuously on down to now, owns large quantities of wild, timbered and cut-over lands

in Gulf County, which said lands were duly returned for taxation by said St. Andrews Bay Lumber Company, and were duly assessed and became liable for taxes due the State of Florida and Gulf County for the year 1929. That St. Andrews Bay Lumber Company failed and refused to pay the 1929 taxes upon large tracts of said lands whereupon upward of 40,000 acres of same, including all of section 7, Township 5 South, Range 10 West, were duly advertised and sold for non-payment of taxes by the Tax Collector of Gulf County at the tax sale held in the month of August, 1930, and said lands so sold were duly bid in for the State, and in pursuance of such bid tax certificates were duly issued to the State embracing said lands, which tax certificates, and the lands embraced therein, will be more particularly described hereinafter. That said lands were returned for taxation by said St. Andrews Bay Lumber Company, and in pursuance of the requirements of law, and in accordance with the returns made by St. Andrews Bay Lumber Company, same were entered and described upon the tax rolls by sections in all instances where St. Andrews Bay Lumber Company owned the entire section, and the tax certificates hereinabove referred to were issued embracing said lands as assessed. That although St. Andrews Bay Lumber Company failed and refused to pay its taxes upon said lands, and although tax certificates embracing said lands were held by the State, and although it was in violation of the laws of Florida, the said St. Andrews Bay Lumber Company proceeded and continued to cut the timber upon said lands. That after being requested a number of times by the county officials to cease cutting said timber in violation of law, and persistent refusals to cease such cutting, the State of Florida instituted suit against said St. Andrews Bay Lumber Company, and one J. M. Barrow, seeking to enjoin and restrain the cutting of timber upon the lands embraced in said tax certificates. That in said suit a temporary injunction was duly entered on September 10, 1931, by the Judge of the Circuit Court of Gulf County, Florida, after due notice to St. Andrews Bay Lumber Company, enjoining and restraining St. Andrews Bay Lumber Company and its officers, agents,

servants and employees from cutting any timber whatsoever upon said lands so embraced in said tax certificates, and said temporary injunction has not been modified or dissolved, and is in full effect at this time. That said order of injunction contains a provision that it shall become ineffectual as to any of the lands described therein upon St. Andrews Bay Lumber Company redeeming the tax certificate embracing such land, or by giving a bond for the payment of such certificate within ninety days from the date of such bond. It is also provided by said order of injunction that it is one of the conditions of the St. Andrews Bay Lumber Company releasing any lands from the force and effect thereof that no tax certificate shall be redeemed in part, but in all instances where St. Andrews Bay Lumber Company owns all the lands embraced in any one tax certificate it shall redeem the entire certificate, and not a part thereof. Said order of injunction was entered on September 10, 1931, and by its terms became effective five days thereafter; all of which will more fully appear by reference to a true copy of said temporary injunction which is hereto attached marked Exhibit "1" and made a part of this answer. Respondent avers that St. Andrews Bay Lumber Company desires to redeem SW¼ of SW¼ of said Section 7 for the purpose of cutting the timber upon same; that tax certificate No. 121 embraces all of section 7, Township 5 South, Range 10 West, in Gulf County, Florida, and that all of said section was owned by St. Andrews Bay Lumber Company prior to the year 1929, was returned for taxation by said St. Andrews Bay Lumber Company for the year 1929 as an entire section and one parcel of land, was assessed, described and entered upon the tax rolls as an entire section and one parcel of land, was sold by the Tax Collector as an entire section and one parcel of land, and tax certificate No. 121 was issued embracing same as an entire section and one parcel of land, and that St. Andrews Bay Lumber Company is now the owner of said entire section, and has been such owner continuously since from sometime prior to the year 1929. That under said order of injunction St. Andrews Bay Lumber Company is not permitted to redeem a portion of said section 7 for the purpose of cutting the timber

upon same, but is required to redeem, or to give bond, for the entire section as one tract of land, and, because the entire certificate is not being redeemed, and no bond been given, respondent has refused to permit the redemption of the SW¼ of SW¼ of said section 7 as sought by St. Andrews Bay Lumber Company.''

The relator filed motion for peremptory writ, the return of the respondent notwithstanding, which is equivalent to a demurrer to the return. The alternative writ shows the relator has a clear right under the provisions of chapter 14572, Acts of 1929, now in force in this State to have the Clerk perform the duty commanded. The return does not show that the Clerk of the Circuit Court was a party to the injunction suit mentioned in the return.

We are not called upon here to say whether or not error was committed by the Chancellor in fixing the conditions of the injunction decree, nor are we called upon to decide, nor do we decide, what effect the redemption of the certificate sought will have upon the injunction decree. These are matters which must be determined in that suit. All we are called upon to determine here is whether or not this relator may, under the terms of the statute, redeem a portion of the lands embraced in a tax certificate without redeeming the remainder, and we think that such right exists too clearly to be questioned.

The peremptory writ should issue and it is so ordered.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.