STATE, *ex rel.* PENINSULAR DISTRIBUTING CORPORATION, v. CHAS. E. CULBREATH, as Clerk of the Circuit Court of Hillsborough County, *et al.*

160 So. 3.
Opinion Filed November 21, 1934.
Petition for Rehearing Granted December 4. 1934.
On Rehearing, January 5, 1935.

*H. O. Pemberton,* for Relator;

*John B. Sutton and Henry G. Tillman,* for Respondents.

*Cary D. Landis,* Attorney General, *H. E. Carter* and *J. V. Keen,* Assistants, as *Amici Curiae.*

DAVIS, C. J.—This is a mandamus proceeding involving the relator's claim to an asserted right of partial redemption of certain property from an outstanding state tax sale certificate. From the pleadings it appears that at the time of assessment Peninsular Distributing Company was the owner of a compact parcel of property described as Government Lot No. 1, Section 25, township 28 south, range 18 east, less lot as per deed book 128, page 35, public records of Hillsborough County. Said property was not returned by the owner for taxation for the years 1932, 1933 and 1934. As a consequence, the Tax Assessor assessed it as a single lot, or in other words, as a whole, at a valuation of $50,000.00 for the year 1932, at a valuation of $90,000.00 for the year 1933, and at a valuation of $75,000.00 for the year 1934.

The command of the writ is that the Clerk of the Circuit Court and the Tax Collector be required to accept payment of the 1933 taxes that were unpaid, and permit a partial redemption of the 1932 taxes upon said property upon the lowest valuation for particular parcels of the assessed property less than the whole, that is to say, according to relator's own subdivision of the parcel for partial redemption purposes according to such proportionate assessed valuations as may be determined by the Tas Assessor of Hillsborough

County for the purpose of redemption and payment of taxes on the affected property not in the form in which it is assessed (which is as a whole) but as relator proposes to deal with it for the purpose of this particular redemption and payment of taxes.

The question involved in this case insofar as it relates to the method of partial redemption permissible under our statutes has been recently decided adversely to the contention of relator and in favor of the contention of respondents, so the alternative writ of mandamus must be quashed. See Green Cove Farms, Inc., v. Ivey, Clerk (Opinion filed October 30, 1934), 119 Fla. ......, 161 Sou. Rep. 56.

Where a singly described parcel of land as assessed for taxes, has not been subdivided by some usual and legal method of subdivision commonly recognized and in customary use for describing property on the tax rolls for assessment purposes, and is not on its face easily capable of being subdivided by the Clerk into its constituent parcels to be described according to some usual and legal method of subdivision of the whole, the cutting up by the Clerk of such singly assessed property into smaller parcels for the purpose of allowing a partial redemption of an irregularly described piece of the whole, is not authorized under Sections 994 of 1934 Cum. Supplement C. G. L., 985 C. G. L., 770 R. G. S., as amended, or by Section 996 C. G. L., Section 4, Chapter 7806, Acts 1919.

Alternative writ of mandamus quashed.

WHITFIELD, TERRELL, and BUFORD, J. J., concur.

## ON REHEARING

PER CURIAM.—On rehearing granted this cause has been again considered. It appears from the record herein that the land as described on the assessment rolls for taxation and in the tax sale certificates issued to the State for non-

payment of taxes, cannot be redeemed from the tax sale certificates held by the State except as an entirety as it is assessed, since such land cannot be divided "by legal and usual subdivision" for redemption under Section 992 (775). 994 C. G. L.; Sections 10 and 11, Chapter 14572, Acts of 1929. In State, *ex rel.,* v. Hunter, 103 Fla. 1097, 139 So. 138, the portion of the land to be redeemed was a legal subdivision under the laws of the State.

The alternative writ of mandamus is quashed.

WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.

DAVIS, C. J., not participating.

BROWN, J. (concurring).—While I concur in the opinion and judgment on this rehearing, I do not wish to be understood as entertaining the view that the case cited in the original opinion (Green Cove Farms v. Ivey, 157 So. 418) is thereby approved by me; as the briefs of the respondent and of the Attorney General filed in this cause have raised serious doubt in my mind as to the correctness of the holding in the case referred to.