A tax sale certificate showing a sale of described lands for the non-payment of State and county taxes for the year 1926 was issued to the State September 5, 1927, by the tax collector of Pinellas County. Under the statute the certificate is required to state that at public auction after due notice the tax collector did sell to the purchaser described land for a stated sum, being the amount due and unpaid for taxes, costs and charges on the lands for a stated year; that the purchaser, or his assigns, will be entitled to a deed of conveyance of such lands in accordance with law unless the same shall be redeemed within two years.
On January 23, 1930, a portion of the certificate, in so far as it relates to a described part of the land included in the certificate, was, as authorized by statute, transferred by the State to Horace G. Reese, Jr., who brought proceedings under Chapter 14572, Acts of 1929, against the owners of the land to foreclose the portion of the tax certificate bought by him from the State.
The defendant owners of the land demurred to the bill of complaint upon grounds challenging the validity of Chapter 14572 authorizing the foreclosure proceedings and also assailing the validity of the tax sale certificate as issued by the tax collector under the statute, Section 766, Rev. Gen. Stats., Section 981, Comp. Gen. Laws, 1927. The demurrer was overruled, and the defendants appealed. The title to Chapter 14572, Acts of 1927, is sufficient to cover the provisions of the Act, and the title is not double or misleading. *Page 1307 
The provision of Section 14, Article IV, Constitution, that "all grants * * * shall be signed by the Governor and countersigned by the Secretary of State," is not applicable to the execution of tax sale certificates or to transfers or assignments of such certificates or portions thereof by the State. Tax sale certificates are not "grants" made by the State or by the executive department of the State government. Such certificates evidence the existence of liens for unpaid taxes that are past due. The statute creates a lien upon lands for taxes assessed thereon, and the certificate gives a right to a conveyance of the land unless the certificate is duly redeemed by paying the taxes due with interest, costs and charges. Sections 985, 1003, Comp. Gen. Laws, Section 9, Chapter 14572. The lien evidenced by a tax sale certificate may be enforced as provided by law. One statutory remedy to individuals holding tax certificates is the issuing in the name of the State of a deed conveying the land to the certificate holder, upon due notice to the owner, if the certificate purchased at the tax sale or from the State is not redeemed. The State does not own the land except through the tax sale and does not purport to convey it except as a means of enforcing the sovereign right to collect the taxes duly levied on the land. The transfer by the State of the certificate to complainant was made after the expiration of the two years allowed for redemption.
The remedy by foreclosure after the time for redemption has expired, given by Chapter 14572, is expressly made "cumulative and in addition to any and all other remedies provided by law." It is within the province of the legislative department to provide any and all adequate means to enforce the payment of taxes and to enforce the liens evidenced by tax sale certificates, after the period of redemption has expired; and the property owner *Page 1308 
is not injured by and cannot justly or legally resist statutory methods of enforcing such liens by foreclosure proceedings when due process is afforded and a reasonable opportunity is given to redeem before or during the enforcement suits.
The tax sale certificate in this case was under the statute and the terms of the certificate, subject to redemption within two years from its date, with a further statutory privilege of redemption at any time before a tax deed is duly issued upon the certificate after two years from its date. The cumulative remedy by foreclosure under Chapter 14572 is applicable only after the two year redemption period has expired, and it provides for tax certificates to be redeemed upon proper payments before sale under final decree, and upon redemption the foreclosure proceedings will be dismissed, Sec. 21, the owners of the property or others interested therein being parties to the suit. This does not violate but amply protects the rights of those who own or have an interest in the property. When the tax certificate in this case was issued and when it was transferred, Section 2 of Chapter 12409, aproved June 6, 1927, Section 1020 Comp. Gen. Laws, was in force and provided that "Any holder of a tax deed or of a tax certificate shall have a lien thereunder for the amount paid therefor upon the land described therein and such lien may be enforced and foreclosed by suit in equity as provided by law for the enforcement of statutory liens." When the land became subject to a lien for the taxes and when the assessment was made in 1926, another statute authorized the tax lien to "be enforced by suit in equity." Section 896 (696) Comp. Gen. Laws. See also Section 5034 (3228) Comp. Gen. Laws; Huff v. City of Jacksonville, 39 Fla. 1, 21 So. R. 776.
The provision of Section 1, Chapter 14572, that "no sale or conveyance of real or personal property for non-payment *Page 1309 
of taxes shall be held invalid except upon proof that the property was not subject to taxation, or that the taxes had been paid previous to sale, or that the property had been redeemed prior to the execution and delivery of deed based upon certificate issued for non-payment of taxes," does not violate any right of the owners of property who do not redeem tax sale certificates within the two years, allowed by law and by the terms of the certificates for their redemption. Even if possibly or conceivably the quoted or other provision of Section 1, Chapter 14572 may unduly limit the defenses or rights of property owners, that would not destroy the efficacy of the act and no such undue limitation of rights or defenses is shown here.
It is not claimed that the tax sale certificates in this case are invalid or void; and it does not appear that thelimited provisions of Section 16, Chapter 14572, as to the validation of irregularities, in tax sale certificates, are invalid. If invalid the section may be regarded as eliminated. See Fla. Sav. Bank v. Brittain, 20 Fla. 507, text 514; De Treville v. Smalls, 98 U.S. 517, 25 Law Ed. 174; City of Orlando v. Giles, 51 Fla. 422, 40 So. R. 834; Parker v. City of Jacksonville, 37 Fla. 342, 20 So. R. 538. No tax deed is involved here. See Ridgeway v. Peacock, decided at this term.
A majority of the Court hold that the provision of Section 18, relating to attorney fees is matter properly connected with the subject expressed in the title of the act, and is valid. See City of Orlando v. Giles, 51 Fla. 422, 40 So. R. 834.
The essential provisions of Chapter 14572 are not "hopelessly irreconcilable."
 Affirmed. *Page 1310 
TERRELL, C. J., and STRUM, BROWN and BUFORD, J. J., concur.
ELLIS, J., concurs in the conclusion.