ALBERT P. ROGERS, *Appellant*, vs. GEROW-CALNAN & DANN, INC., a corporation, *Appellee*.

Division A.

Opinion filed March 17, 1931.

*Brandon, Gage, Hancock & Polhill*, and *S. E. Simmons*, for Appellant;

*Kelly, Casler & Thompson*, for Appellee.

PER CURIAM.—This is an appeal from an interlocutory order overruling a plea to an amended bill of complaint.

The bill of complaint was to foreclose an alleged mechanics lien on certain property. The defendant filed a plea setting up that one Hattie W. Rogers was at the time of the institution of suit, and long prior thereto, the owner of and in possession of the property against which the lien was sought to be established and that she was, therefore, a necessary party defendant; that she was not joined as a defendant and that, therefore, there was a non-joinder of parties. On being set down for argument as to its legal sufficiency the chancellor sustained the plea in point of law, if proven to be true. The chancellor then ordered that the plea be brought on for hearing upon questions of fact raised thereby.

Thereafter, the cause came on to be heard before the chancellor upon the issue of fact presented by the plea. Pursuant to this hearing the chancellor made the following order:

"ORDER OVER-RULING PLEA.

This cause having been heretofore on August 3rd, A. D. 1928, by oral order of the court, set for hearing on November 2nd A. D. 1928, upon the issues of fact formed by the amended bill of complaint, and the plea of the defendant Albert P. Rogers, and the same having come on for hearing on the 2nd day of November, A. D. 1928, and there having been present solicitors for the respective parties, and the court having heard the oral testimony of the witnesses produced by the complainant and the defendant, and having received in evidence defendant's exhibit "A", and said cause having been thereupon continued until November 30th A. D. 1928, and having this date, to-wit: November 30th A. D. 1928, again come on to be heard, and the same being here and now fully argued by solicitors for the respective parties; the Court finds:

1st: That the oral testimony introduced by the defendant herein is insufficient to establish such possession on the part of one Hattie W. Rogers of the premises described in the Bill of Complaint, as averred in the plea aforesaid, so as to constitute notice to the world of the alleged claim of ownership of said premises on the part of the said Hattie W. Rogers.

2nd: And the Court further finds by the defendant's Exhibit "A" which has been introduced in evidence in this cause by proof offered by the witness Albert P. Rogers, that said witness Albert P. Rogers, signed the said Exhibit "A" and delivered the same to the said Hattie W. Rogers. That the said Albert P. Rogers on direct examination, did not testify as to any definite date when said deed was delivered; that

on cross examination of the said Albert P. Rogers the said Albert P. Rogers admitted that said deed was not delivered on the date of said deed, to-wit: February 1st A. D. 1927, and that he did not recall the exact date said deed was delivered. And the Court further finds that the said Albert P. Rogers further testified that said deed was delivered to the said Hattie W. Rogers prior to the institution of this said suit.

And that there was no evidence whatsoever introduced at the hearing as to whether or not the said Hattie W. Rogers had notice of the lien of Complainant prior to the institution of this suit, but the Court holds as a matter of law that the said Exhibit "A" introduced in this case by the defendant herein, is insufficient to enable defendant to invoke the provisions of Section #35172-A of the Revised General Statutes of Florida; and it is therefore;

ORDERED, ADJUDGED AND DECREED: That said Plea be, and the same is hereby overruled.

DONE AND ORDERED IN CHAMBERS, this, the 30th day of November, A. D. 1928."

The evidence upon which the Chancellor made his order is not before the Court and, therefore, this Court is not in a position to say that the Chancellor erred in making the order complained of.

The chancellor's order is assumed to be correct until it is clearly shown to have been erroneous.

The order should be affirmed and it is so ordered.

Affirmed.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.