J. C. PATTERSON, *Appellant*, v. S. D. CRENSHAW, *Appellee*.

148 So. 543.

Opinion filed May 24. 1933.

*John H. Carter* and *John H. Carter, Jr.,* for Appellant;

No appearance for Appellee.

· BUFORD, J.—In this case the appellant became the owner, by purchase and assignment, of a certain tax certificate. He filed bill of complaint to foreclose the lien evidenced by the certificate. It was alleged that he was the owner and holder of the certificate and has paid all subsequent and omitted taxes and seeks to foreclose the lien to enforce the payment of the amount of the face of the certificate, together with the amount of the subsequent and omitted taxes paid by him in the aggregate sum of $1,119.46.

A demurrer was interposed to the bill and sustained upon the 7th, 8th and 9th grounds of demurrer. They are as follows:

"7. It does not appear from the allegations of said Bill that the amount of One Thousand One Hundred Nineteen ($1,119.46) and Forty Six One Hundreths Dollars, which the Complainant avers is required to redeem said lands, is in anyway justifiable in law or in equity under any of the terms or conditions of Chapter 14572, Acts of 1929, Laws of Florida.

"8. It affirmatively appears from the Bill, that the amount of $1,119.46 which Complainant avers is necessary to redeem the lands involved in this suit is in direct conflict with both the letter and spirit of the Statute governing this action, to-wit: Chapter 14572 Acts of 1929, Laws of Florida.

"9. It appears affirmatively from the allegations of the Bill of Complaint, that the Complainant in this case is seeking to impose upon the Defendant an arbitrary, unreasonable, unjust, inequitable and illegal penalty for redemption of the lands involved in this suit."

Appellee has not favored us with a brief, although appellant's brief was filed April 23, 1932. We assume from the contents of appellant's brief that the contention was made in the court below that the complainant should not be allowed to recover the amount of the face of the tax certificate unless it was alleged that he had paid that amount for the certificate. This contention is not tenable, as has heretofore been determined by this Court in the case of Ridgeway v. Reese, 100 Fla. 1304, 131 Sou. 136; and Ridgeway *et al.* v. Peacock, Clerk, 100 Fla. 1297, 131 Sou. 140, Poekel v. Dowling, 101 Fla. 1174, 132 Sou. 838 and Tax Securities Corporation v. Boland, 103 Fla. 63, 137 Sou. 151.

The demurrer should have been overruled.

The order appealed from is reversed.

DAVIS, C. J. and WHITFIELD and TERRELL, J. J., concur.