MARY E. WASHBISH, *et vir.*, v. ETHYL WINIFRED ELVINS, *et vir.*

154 So. 315.
Opinion Filed April 20, 1934.

*Albert D. Hubbard,* for Appellant;

*J. C. Morecock,* for Appellees;

*Joseph Weintraub,* as *amicus curiae.*

PER CURIAM.—The bill of complaint, filed December 5, 1933, alleges in substance that the complainant married woman is the owner and holder of the fee simple title to described land in Dade County, Florida; that on August 3, 1931, the land was sold by the tax collector for unpaid State and county taxes for the year 1930, and that it was sold to the State by certificate for $71.27, which said sum represented the amount of taxes, interest and costs and charges for 1930; that on August 2, 1931, the Clerk of the Circuit Court made a purported assignment of the certificate to the defendant, Mary E. Washbish, for $67.56 and interest, which is less than the face amount of the certificate; that it is the oldest certificate so transferred, and the said Mary E. Washbish is not the holder of an older or prior certificate upon said land;

"that the purported transfer of said certificate by the said Clerk to the said Mary E. Washbish was void and without effect, in that the said Clerk was without authority to assign or transfer said certificate for less than the full face value thereof, together with accrued interest, and that the said Mary E. Washbish obtained no title to said certificate by or on account of said purported assignment; that the said Mary E. Washbish has made application to E. B. Leatherman as Clerk of the Circuit Court in and for Dade County, Florida, for a tax deed upon said described property, and that the Clerk has notified your Complainants that said tax deed will issue on the 5th day of December, 1933; that if said deed is issued as aforesaid, your Complainants will lose said property and will thereby suffer irreparable loss and damage; that an injunction should be

issued herein to temporarily enjoin the issuance of said tax deed without notice for the reason that said deed will issue before said notice can be served and a hearing had upon same."

The prayer is

"that an order be entered herein temporarily restraining the Clerk of the Circuit Court in and for Dade County, Florida, from issuing the tax deed upon the property hereinabove described, and that after a full hearing herein that said Clerk be permanently enjoined from issuing said tax deed, and that such other and further relief may be granted to Complainants as to the Court may seem proper."

The Court issued a restraining order and defendants appealed.

If the Clerk has transferred the certificate for less than the amount required by the statute, that does not make the transfer void, and under the statute the owner of the fee title may redeem the land before tax deed issues on the certificate. The certificate holder will be thereby reimbursed for the amount paid by him for the certificate issued at the tax sale for non-payment of taxes by the owner, and that he may realize a profit on the transaction is immaterial. Capital Finance Corporation v. Giles, *et al.,* 111 Fla. 527, 149 Sou. 585; Patterson v. Crenshaw, 148 Fla. 310, 148 Sou. 543.

The Complainant owner of the legal title to the land has no equity by reason of the certificate having been assigned for less than the amount of the face of the certificate with interest, to enjoin the issue of a tax deed, since he is in default, but has a right to rdeem before a tax deed is issued.

There is only one assignment of error, which is as follows:

"The Chancellor erred in making and entering in this

cause that certain Restraining Order dated the 5th day of December, A. D. 1933, and recorded in Chancery Order Book 296, on page 338."

In the brief prepared under amended Rule 20 of this Court, the appellant presents only one question, which is as follows:

"In the assignment of tax sale certificates held by the State of Florida, is the Clerk of the Circuit Court authorized, under the Statutes, to assign all of the certificates covering a particular parcel of land, including the oldest certificate, upon the last assessed valuation, where such last assessed valuation is less than the regular assessed valuation?"

Having disposed of that question and deeming all other questions which may have been raised to have been abandoned, we hold that the Order appealed from should be reversed with directions that the cause be remanded and that further proceedings be had not inconsistent with this opinion.

It is so ordered.

Reversed and remanded.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL and BUFORD, J. J., concur.