M. H. Gibson v. Central Farmers Trust Co.

156 So. 714.

Division B.

Opinion Filed May 19, 1934.

Petition for Rehearing Denied September 18, 1934.

*J. Stockton Bryan* and *Edwin T. Osteen,* for Appellant;
No appearance for Appellees.

BUFORD, J.—The appeal here is from an order requiring
appellant to surrender a tax certificate upon the payment
of less than the face of the certificate.

There is no question about the validity of the certificate.

It appears from the record that the lands were sold for
delinquent and unpaid taxes and that tax certificate issued
to the State of Florida; that thereafter the certificates were

sold and assigned by the Clerk of the Circuit Court under the provisions of Section 42 of Chapter 14572, Acts of 1929, for less than the face of the certificate; that while Gibson appears to be the assignee from the Clerk the fact was that it was bought through a broker to whom Gibson paid $745.00 for the certificate, though the broker paid only $208.70 for such certificate.

The face of the certificate was $2114.83.

The holder of the tax certificate bought from and assigned by the Clerk of the Circuit Court became invested with ownership of and right to foreclose the lien evidenced by the certificate for the face amount of the certificate. See Patterson v. Crenshaw, opinion filed May 24th, 1933, and reported 148 Sou. 543, and cases there cited.

The fact that the property embraced in the description contained in the certificate was in the hands of a court receiver at the time the certificate was sold and assigned by the Clerk of the Circuit Court did not change the force or effect of the lien for unpaid taxes evidenced by the certificate. The court certainly had power to direct the receiver to redeem from the certificate and, therefore, it was the jurisdiction of the court to issue a *rule nisi* to the holder of the certificate to show cause why the certificate should not be so redeemed but the court exceeded its authority when by its orders it required the owner and holder of the certificate to deliver up the certificate for less than the sum for the payment of which the lien existed.

The very purpose sought to be accomplished by the provision of Section 42 of Chapter 14572, Acts of 1929, was to encourage buyers to bid in certificates held by the State at a price which would give such buyers super attractive profits if and when the certificates should be redeemed by

the owners or should be sold to satisfy the lien evidenced by the certificate.

In this case the certificate was duly advertised to be sold in the manner required by the statutes in such cases provided and the owner or receiver (who stands here in place and stead of the owner) was given every opportunity required by law to redeem or buy the certificate. That he failed to do so is not to be charged against the purchaser at such sale, nor can it affect the rights acquired by him by reason of his being the purchaser at such sale and thereby acquiring the right to enforce the lien evidenced by the certificate which was in nowise diminished by the sale and assignment being so made.

The order appealed from should, for the reasons stated, be reversed and the cause remanded for further proceedings not inconsistent with this opinion. It is so ordered.

Reversed.

WHITFIELD, P. J., and BROWN, J., concur.

DAVIS, C. J., and ELLIS and TERRELL, J. J., concur in the opinion and judgment.

## ON PETITION FOR REHEARING.

PER CURIAM.—The Tax Collector of Palm Beach County sold the property involved in this case to the State and issued two tax sale certificates therefor on the 4th day of July, 1927. One of the said tax sale certificates covered two lots and the other tax sale certificate covered a third lot. Taxes were also levied and assessed against said property for the years 1927 and 1928. Thereafter, to-wit: on the 20th day of August, 1929, J. P. Cochrane was appointed and took possession of said property as Receiver of the Circuit Court of Palm Beach County, Florida. While the prop-

erty was *in custodia legis* taxes were levied and assessed against said property for the years 1929, 1930 and 1931.

On October 26, 1932, while the property was still in the possession of the Court's receiver and without his knowledge or consent, the appellant, M. H. Gibson, under Chapter 14572, Acts of 1929, submitted a bid to the Clerk of the Circuit Court of $208.70 for certificate 8023 of the sale of 1927, which bid described the two lots referred to in said certificate and the third lot referred to in another certificate. The written bid was signed in the name of the appellant, M. H. Gibson, and was submitted to the Clerk by Drainage Tax Bureau, Inc., as broker. Although the bid covered only one certificate and notwithstanding the fact that Section 42 of Chapter 14752, Acts of 1929 (Ex. Session), provided for sale of certificates separately and with knowledge that the property was in the custody of the Court, the Clerk sold the two certificates to Gibson, the appellant, for $208.70, the amount of his bid for the one certificate. The subsequent and omitted taxes upon one lot covered by one of the certificates were collected under the other certificate which covered the two lots. The appellant, M. H. Gibson, agreed to pay his broker and agent, Drainage Tax Bureau, Inc., the sum of $765.00 for these certificates. Principal on the taxes levied and assessed prior to the appointment of the receiver amounted to $776.96, while the principal on the taxes levied and assessed subsequently to the appointment of the Receiver amounted to $769.53; statutory interest and penalties upon the taxes levied and assessed subsequent to the appointment of the receiver aggregated $201.31.

Upon learning of the sale of the tax certificates the receiver, within two months and 27 days of the date of said sale, filed his verified petition collateral to the main suit, addressed to the Judge of the Circuit Court, for a rule directed

to the appellant, Gibson, requiring him to show cause why said receiver should not be allowed to redeem the property for the purchase price paid to the Clerk of the Circuit Court amounting to $208.70, together with interest thereon at eight per cent per annum from the date of sale. The rule *nisi* was issued and the appellant, Gibson, filed an answer in which he contended that he was entitled to recover the full amount of the two certificates, including interest, penalties, subsequent and omitted taxes and fees. After a hearing before the Court, a decree was entered upon authority of Dayton v. Stanard, 241 U. S. 588, 36 Sup. Ct. Rep. 695, 60 L. Ed. 1190, directing Cochrane, as Receiver, to pay Gibson, the appellant, $208.70, together with interest at eight per cent per annum and costs for the cancellation of the certificates.

The entry of the appeal herein is sufficient as to the receiver, who is named as a party to the described order appealed from. Such receiver is therefore legally before this Court. See Gover v. Mann, 114 Fla. 128, 153 Sou. Rep. 895.

The case of Dayton v. Stanard, 241 U. S. 588, 36 Sup. Ct. Rep. 695, 60 L. Ed. 1190, cited by the Chancellor in making the order appealed from, involved the sale for taxes of property, of a *bankrupt* estate then in course of administration in a court of bankruptcy under the laws of the United States. Laws of the United States are of superior force to the laws of the State in matters within Federal jurisdiction, such as the administration of estates in bankruptcy.

So the cited United States opinion is no authority in Florida for the proposition advanced by appellee in this case to the effect that property in the hands of a receiver in a State court, cannot be lawfully assessed for taxes, sold for non-payment of taxes, tax certificates issued for same, and tax deeds executed pursuant to such sales, with

like force and effect as if no receivership had ever existed. To hold otherwise would amount to a declaration that private contract rights can override a sovereign State's power of taxation through the result that would follow an act voluntarily placing subjects of taxation *in custodia legis* through the medium of receivership proceedings.

Taxes are a paramount lien under the statutes of Florida, and judicial receivers and others holding property *in custodia legis,* are under a duty to see to it that timely steps are taken to have taxes accruing on properties in their hands duly paid before the properties in their hands are sold for nonpayment of taxes, where resources for paying taxes exist or may be realized by appropriate proceedings. In the absence of such resources a report of the matter at least should be made to the Court so that it might take proper action in the premises.

This Court has carefully considered the petition for rehearing but adheres to its former opinion of May 19, 1934, as supplemented by this opinion on the petition for rehearing.

Rehearing denied.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL and BUFORD, J. J., concur.

BROWN, J., dissents.

BROWN, J. (dissenting).—In view of the irregularity in the sale of the certificate, I think the court receiver should have been permitted to redeem by paying the purchaser the same amount the latter had paid the Clerk. This was the effect of the order of the Chancellor, and I think it should be affirmed.