GREEN COVE FARMS, INC., v. L. T. IVEY, as Clerk Circuit Court, Clay County, *et al.*

161 So. 56.
Opinion Filed October 30, 1934.
Rehearing Denied May 20, 1935.

*Milam, McIlvaine & Milam,* for Appellant;
*A. D. McNeill* and *G. W. Geiger,* for Appellees.

DAVIS, C. J.—On August 5, 1929, the Tax Collector of Clay County, sold appellant's lands for taxes. The lands

sold consisted of about 8,185 acres embraced wholly in one certificate and described as all of the George I. F. Clarke Mill Grant, except the City of Green 'Cove Springs, the right of way of the Atlantic Coast Line Railroad and certain lots and blocks of G. T. Butler's Plat. The taxes involved amounted to $7,925.89. The amount of the assessment was approximately $10.00 per acre for the whole tract.

P. L. Swartley became the purchaser of a portion of tax certificate that had been issued against the entire 8,185-acre tract *en masse*. The portion of the total represented by Swartley's purchase consisted of lots 6, 7 and 8 of Block 40 of Bayard tract and was for an amount based upon a valuation computed upon the basis of dividing the number of acres of land covered by the portion of the certificate purchased by Swartley into the total number of acres of land embraced in the original tax sale certificate. So the result is that by his purchase of the aforesaid separable portion of the 8,185-acre tax sale certificate Swartley will be able to obtain a tax deed to that portion of the acreage represented by the particular part of the certificate purchased by him. Likewise the acreage represented thereby will be subject to a separate redemption by the owner of the acreage involved, according to the valuation fixed on the portion of the land included in the Swartley transaction.

When Swartley applied for a tax deed by virtue of his purchase of the above mentioned separable portion of the 8,185-acre tax certificate, the original owner, Green Cove Farms, Inc., the appellant here, sought an injunction in the court below against the issuance of a tax deed to Swartley, as well as to one G. Norton, another purchaser of a different portion of the original certificate. Complainant's contention was that the sales made by the Clerk of the Cir-

cuit Court of parts of the original tax certificate to Swartley and Norton, on the basis of purchase employed by the Clerk, was void.

The Chancellor denied the injunction and dismissed complainant's bill. This appeal is from that decree.

The statutes of Florida (Section 992 C. G. L., 775 R. G. S., as amended by Section 10 of Chapter 14572, Acts 1929) provide that:

"* * * Any portion of land * * * contained in a tax certificate held by the State, which can be ascertained by legal and usual subdivision, may be * * * sold by a certificate of such transfer * * * under the * * * official seal of the Clerk of the Circuit Court, and a deed may issue thereupon * * *."

The statutes of Florida (Section 985 C. G. L., 775 R. G. S., as amended by Section 9 of Chapter 14572, Acts 1929) further provide that in order to accomplish a sale through the Clerk of the Circuit Court of a portion of the land contained in any tax sale certificate held by the State, as above provided, the intended purchasers may do so by "paying to the Clerk of the Circuit Court of the County wherein such land is situated * * * such portion (of the face of the certificate) as the part * * * sold shall bear to the whole, and interest thereon, etc."

Appellant premises its attack upon the Clerk of Court's sale to Swartley and Norton of a portion of the land contained in the tax certificate involved in this case, which is shown to have been held by the State, on the idea that the language of the statutes above quoted from contemplate payment for the portion of the certificate purchased on the basis of relative valuations, that is, upon such re-assessment or re-valuation as the Clerk may make in order to equitably apportion the taxes between the part of the certificate sold and the part retained. Opposed to this the Clerk of the

Circuit Court insists that the phrase used in the statute "such portion * * * as the part * * * sold shall bear to the whole," has reference to an apportionment of taxes based on a computation of ratable areas, or in other words, that the statute means that redemptions and sales of parts of land contained in State owned tax sale certificates shall be made according to the area of the portion sold as that area shall bear to the whole area included in the certificate.

We think the construction contended for by the Clerk of the Circuit Court in this case the correct one and find a persuasive support for that view in our recent decision in State, *ex rel.* St. Andrews Bay Lbr. Co., v. Hunter, 103 Fla. 1097, 139 Sou. Rep. 138, wherein a redemption sought on the "area" basis was approved, although no particular point concerning the basis for calculation of partial redemptions and sales of tax certificates was raised or required to be determined in that case.

The case of Florida E. C. Fruit Land Co. v. Mitchell, 80 Fla. 291, 85 Sou. Rep. 661, cited and relied on by appellant, involved the legal effect of assessing of lands belonging to several persons in the name of one only. This Court held in that case that such method of assessment was invalid and did so on the ground that a single assessment had the effect of limiting a partial redemption to a redemption *on the basis of quantity of land rather than value,* and thereby tended to work an injustice on individual taxpayers who are entitled to pay their individual taxes according to the value and not the quantity of land owned by each. This case cannot aid the appellant because it is bottomed on the view that because a partial redemption of lands contained in a single assessment can only be made on a quantity basis and not a value basis, it is therefore improper to include in a single assessment the separate lands

of two different taxpayers who by law are entitled to pay on a *pro rata* valuation basis rather than a *pro rata* quantity basis in relation to each other as well as toward all other taxpayers.

We hold therefore that under the statutes of this State now in effect, as hereinbefore referred to, where a tax certificate is owned by the State, a part of such certificate should be sold by the Clerk of the Circuit Court on the basis of the quantity of land included in the part sold as related to the whole quantity of land embraced in the tax sale certificate, and that there is no authority in the Clerk of the Circuit Court to undertake to reassess or pro rate the partial sale or partial redemption of such State owned tax sale certificate on the basis of either an actual or supposed disproportionate valuation between what is sold or redeemed and what is retained.

We might add in conclusion that it appears to us that in cases involving a transfer or sale of a tax sale certificate from the Clerk of the Circuit Court to a third party as a purported purchaser of the same under the law, it is no ground for complaint or defense to a delinquent taxpayer for him to establish that the Clerk of the Circuit Court may have improperly or illegally transferred a stated owned certificate to a third party, where the latter exhibits the assigned certificate as its actual assignee and holder. This is so because complaints and defenses against *prima facie* valid tax certificates may not be based on mere matter of procedure, but are limited by law to those specified in Section 1 of Chapter 14572, Acts 1929, namely: (1) that the property was not subject to taxation, (2) that the taxes were paid previous to sale, or (3) that the property had been redeemed prior to the execution and delivery of a deed based upon a certificate issued for non-payment of taxes.

If inequalities and inequities result from disparity of values between different portions of land assessed as one parcel, but consisting of smaller severable portions of disproportionate values *inter sese,* the remedy for such situation on behalf of the taxpayer is for him to make return of the property for taxation in the manner of assessment he desires, and on behalf of the county is for the responsible officers to so set up the tax assessments of land tracts on the tax rolls as to eliminate the likelihood of any suggested situation wherein redemption of parts of the assessed lands sold for taxes would operate to county and State's disadvantage.

Other questions suggested by the record have been pretermitted by appellant, so discussion of them in this opinion is not necessary. It follows that the decree appealed from is not erroneous and therefore must be affirmed.

Affirmed.

WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.