THE LYON COMPANY v. PHOENIX TAX TITLE CORPORATION.

170 So. 746.
Division B.
Opinion Filed November 19, 1936.
Rehearing Denied December 11, 1936.

*McMullen & Draper,* for Appellant;

*Erle B. Askew and Osmond R. Bie,* for Appellee.

PER CURIAM.—Appellee filed suit in Circuit Court to foreclose tax certificates assigned to him under provisions of Section 42 of Chapter 14,572, Acts of 1929.

The appellant filed motion to dismiss which motion was overruled.

. Appellant contends that where the Clerk of the Circuit Court of Pasco County caused to be published on the 29th day of May, 1931, a notice reciting that on June 1, 1931, and thereafter, competitive bids would be received by him for the sale of State tax certificates issued pursuant to sale for the unpaid taxes assessed for the year 1927 and previous years under the provisions of Chapter 14,572, Acts of 1929, and the notice contains the language: "for State Tax Certificates sold for taxes for the year 1927 and previous years," that such notice should be construed to confine any sales of tax certificates made pursuant thereto by the Clerk of the Circuit Court to only such tax certificates as had been issued upon the sale for non-payment of taxes for the year 1927 and previous years.

It is further contended that the tax certificates involved in this suit and covering the property owned by the appellant were issued upon the sale of such lands for the unpaid taxes of 1928 or for the unpaid taxes for the years subsequent to that date and that the Clerk of the Circuit Court was without authority of law to assign such tax sale certificates to the complainant. These contentions are attempted to be presented by motion to dismiss.

We feel that it is unnecessary to add what has heretofore been said by this Court in regard to principles which control the disposition of this appeal.

In State, *ex rel.* Ranger Realty Co., .v. J. N. Lummus, etc., 111 Fla. 726, 149 Sou. 650, we said:

"The statute in this particular is nothing more than a legislative Act declaratory of the rule of law that would apply if there were no statute, since the jurisdictional notice to the taxpayer that his land is about to be taken from him for his tax delinquency is, under the present tax system we have in this State, that which is required to be given by pub-

lication as a condition precedent to the issuance of a tax deed by the clerk of the circuit court. Notice of the tax sale itself is simply a statutory regulation of the subject. It is designed more to produce buyers at the sale for the benefit of the State's revenues than it is to protect any right of the delinquent taxpayer, since the delinquent taxpayer can lose nothing through the mere issuance of a tax sale certificate on his land. This is so, because the tax sale certificate after issuance must be held for at least two years, during which time the taxpayer has open to him all the processes of the courts by which to challenge its validity, if invalid, as well as the opportunity to redeem his land from it, if valid."

In Southwest Enterprises, Inc., v. Frasse, 113 Fla. 770, 152 Sou. 175, we said:

"If the city violated any legal principle in assigning the certificates to complainant in foreclosure for an insufficient consideration, that ground of objection was not available to the delinquent defendant whose liability to the city for the amount of the taxes as assessed and embraced in the tax certificates foreclosed, was not successfully refuted by any pleading or proof *contra*. The remedy for an alleged illegal assignment of a tax certificate of a municipality without lawful consideration is an injunction against the assignment, or an action by taxpayers to rescind it in the municipality's behalf and charging the assignee with liability for an accounting with respect to the value of the asset so unlawfully procured and received by him. See Capital Finance Corp. v. Giles, 111 Fla. 527, 149 Sou. Rep. 585."

In the case of Capital Finance Corp. v. Giles, cited above, we reversed the order dismissing the bill of complaint on authority of the opinion and judgment in the case of Pat-

terson v. Crenshaw, 110 Fla. 310, 148 Sou. 543. In that case we said:

"We assume from the contents of appellant's brief that the contention was made in the court below that the complainant should not be allowed to recover the amount of the face of the tax certificate unless it was alleged that he had paid that amount for the certificate. This contention is not tenable, as has heretofore been determined by this Court in the case of Ridgeway v. Reese, 100 Fla. 1304, 131 Sou. 136; and Ridgeway, *et al.*, v. Peacock, Clerk, 100 Fla. 1297, 131 Sou. 140; Poekel v. Dowling, 101 Fla. 1174, 132 Sou. 838, and Tax Securities Corporation v. Boland, 103 Fla. 63, 137 Sou. 151."

In Green Cove Farms v. Ivey, *et al.*, 119 Fla. 561, 161 Sou. 56, we said:

"We might add in conclusion that it appears to us that in cases involving a transfer or sale of a tax sale certificate from the Clerk of the Circuit Court to a third party as a purported purchaser of the same under the law, it is no ground for complaint or defense to a delinquent taxpayer for him to establish that the Clerk of the Circuit Court may have improperly or illegally transferred a State owned certificate to a third party, where the latter exhibits the assigned certificate as its actual assignee and holder. This is so, because complaints and defenses against *prima facie* valid tax certificates may not be based on mere matter of procedure, but are limited by law to those specified in Section 1 of Chapter 14572, Acts of 1929, namely: (1) that the property was not subject to taxation; (2) that the taxes were paid previous to sale, or (3) that the property had been redeemed prior to the execution and delivery of a deed based upon a certificate issued for non-payment of taxes."

On authority of the opinions and judgments in the cases above cited, the order appealed from should be affirmed and it is so ordered.

Affirmed.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur.

WHITFIELD, C. J., and DAVIS, J., concur in the opinion and judgment.

BROWN, J., dissents.