JOSEPH G. VILSACK v. SEVILLE· HOLDING COMPANY.

171 So. 323.
Division B.
Opinion Filed December 11, 1936.

*M. S. McGregor,* for Appellant;
*Maguire & Voorhis,* for Appellee.

PER CURIAM.—The appeal in this case brings for final decree of foreclosure of tax sale certificate and order denying motion for rehearing.

The record shows that proceedings were instituted in the Circuit Court of Volusia County, Florida, under the provisions of Chapter 14572, Acts of 1929, for foreclosure of a tax deed issued pursuant to a tax certificate and the sale, transfer and assignment of a part of that certificate by the Clerk of the Circuit Court to the complinant.

The lands described in the original tax certificate were described as follows:

"The North One Hundred twenty feet (N 120') of Lot Two (2) Old Map, or Lot Six (6) Sub of Block Twenty-four (24), Howry's Addition to DeLand, Florida."

The face amount of the certificate was $248.24. With accrued interest at date of purchase the face of certificate and accrued interest amounted to $279.93. The purchaser paid $248.90 for that portion of the certificate covering the following described lands: "North Sixty feet (N60') of Lot Two (2) old map, or North Sixty feet (N60') of Lot Six (6), Block 24, Howry's DeLand." The appellant says that there are three questions to be determined as follows:

"Question One. Where a tax certificate is owned by the State and a part of such certificate is sold by the Clerk of the Circuit Court, does the Clerk have authority to reassess or prorate the partial sale of such certificate on the basis of a disproportionate valuation between what is sold and what is retained?"

"Question Two. In the partial sale of a tax certificate, may the Clerk of the Circuit Court re-assess the land described therein by giving to the portion sold seven times the value of an equal portion retained?"

"Question Three. May a tax deed be foreclosed which is based upon a partial assignment of a tax certificate where the Clerk has re-assessed and fixed a value upon the part sold without regard to the relation which the area of the part sold bears to the area of the part retained?"

The appellee has framed the questions differently, as follows:

"Where a tax certificate is owned by the State and the Clerk of the Circuit Court sells and transfers a part of such certificate to a third party who obtains a tax deed on said

assigned part, is it ground for complaint or defense, in a foreclosure of said tax deed, for a delinquent taxpayer to establish that said Clerk has improperly or illegally made such sale and transfer?"

"Question No. II.   Where the Clerk of the Circuit Court sells and transfers a portion of a tax certificate owned by the State to a third party, and such third party applies for and obtains a tax deed on the land involved in the assignment, is it ground for complaint or defense to a delinquent taxpayer in a foreclosure of said tax deed that the Clerk may have used an improper method in figuring the price he collected for said sale, or may have charged too much?"

"Question No. III.   May a tax deed be foreclosed which is based upon a partial assignment of a tax certificate where the Clerk has charged and collected for the part sold an amount larger than the quantity of land included in the part sold should bear to the whole quantity of land embraced in the tax certificate?".

And the appellee states a fourth question, as follows:

"Assuming that where the Clerk of the Circuit Court in selling part of a tax certificate owned by the State, reassesses or pro rates such partial sale on the basis of the actual or supposed disproportionate valuation between what is sold and what is retained prevents the purchaser of such partial sale who has obtained a tax deed thereon from foreclosure of same, does the record in this case show that the Clerk followed such method in selling the portion of the certificate to appellee?"

The appellant and the appellee both appear to rely with confidence upon the opinion and judgment in the case of Green Cove Farms, Inc., v. Ivey, *et al.*, 119 Fla. 561, 161 Sou. 56, to sustain their respective contentions.

There may be found in that opinion some comfort for

each of the parties but, although we held that under the statutes of this State then in effect, "Where a tax certificate is owned by the State a part of such certificate should be sold by the Clerk of the Circuit Court on the basis of the quantity of land included in the part sold as related to the whole quantity of land embraced in the tax sale certificate, and that there is no authority in the Clerk of the Circuit Court to undertake to reassess or pro rate the partial sale or partial redemption of such State owned tax sale certificate on the basis of either an actual or supposed disproportionate valuation between what is sold or redeemed and what is retained"; we also definitely said:

"We might add in conclusion that it appears to us that in cases involving transfer or sale of a tax sale certificate from the Clerk of the Circuit Court to a third party as a purported purchaser of the same under the law, it is no ground for complaint or defense to a delinquent taxpayer for him to establish that the Clerk of the Circuit Court may have improperly or illegally transferred a state owned certificate to a third party where the latter exhibits the assigned certificate as its actual assignee and holder. This is so because complaints and defenses against *prima facie* valid tax certificates may not be based on mere matter of procedure, but are limited by law to those specified in Section 1 of Chapter 14572, Acts 1929, namely: (1) that the property was not subject to taxation, (2) that the taxes were paid previous to sale, or (3) that the property had been redeemed prior to the execution and delivery of a deed based upon a certificate issued for non-payment of taxes."

And we added:

"If inequalities and inequities result from disparity of values between different portions of land assessed as one parcel, but consisting of smaller severable portions of dis-

proportionate values *inter sese*, the remedy for such situation on behalf of the taxpayer is for him to make return of the property for taxation in the manner of assessment he desires, and on behalf of the county is for the responsible officers to so set up the tax assessments of land tracts on the tax rolls as to eliminate the likelihood of any suggested situation wherein redemption of parts of the assessed lands sold for taxes would operate to county and State's disadvantage."

So, on authority of the opinion above referred to, the decree should be affirmed. It follows that there was no error in the denial of the motion for re-hearing and it too should be affirmed.

So ordered.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur.

WHITFIELD, C. J., and DAVIS, J., concur in the opinion and judgment.

BROWN, J., not participating.