SOUTHERN PINE COMPANY OF GEORGIA v. MURPHY INVESTMENT COMPANY.

171 So. 325.
(Two Appeals)
Opinion Filed December 15, 1936.

*Thomas Sale,* for Appellant;
*Scofield & Scofield,* for Appellee.

Per Curiam.—These two appeals involve tax certificate foreclosures and have been consolidated for hearing and

determination by the Supreme Court as one case. The appellant, Southern Pine Company of Georgia, as mortgagee of a large part of the lands covered by the tax certificates in suit, was named as a party defendant in the proceedings. The plaintiff below sued as assignees and holders of the tax certificates in controversy. The decrees and orders appealed from awarded the appellee, Murphy Investment. Company, judgments for delinquent taxes in the amounts of $71,075.10 in one case and $124,815.66 in the other, and decreed foreclosure of the involved lands to satisfy plaintiff's claim for recovery of said amounts. The appeals present the question of the correctness of the foreclosure decrees and the subsequent sales by the master and orders confirming same.

The record is voluminous, but it is clear that no question is raised by appellant as to the liability of the lands to the tax assessments for which the certificates were issued originally to the State of Florida as purchaser at the tax sale thereof. Nor is it in any respect contended the taxes subject to be foreclosed are not due, or that they have been heretofore discharged or paid. All the defenses interposed are purely technical and procedural and go principally to the right of the plaintiff below to maintain the suit as assignee and holder of the certificates sued upon. Chapter 14572, Acts 1929, was applicable to the tax certificates involved and substantial compliance was observed as to all of its provisions in connection with the institution and conduct of the proceedings.

Other defenses interposed are overruled on the authority of the following previous decisions of this Court: Vilsack v. Seville Holding Co., 126 Fla. 474, 171 Sou. Rep. 323; The Lyon Co. v. Phoenix Tax Title Corp., 126 Fla. 243, 170 Sou. Rep. 746; Allison Realty Co. v. Graves Inv. Co.,

115 Fla. 48, 155 Sou. Rep. 745; Capital Finance Corp. v. Giles, 111 Fla. 527, 149 Sou. Rep. 585; Coral Gables' Properties v. Stolper, 115 Fla. 231, 155 Sou. Rep. 231, 155 Sou. Rep. 799; City of Bradenton v. Lee, 120 Fla. 100, 162 Sou. Rep. 139; City of Sanford v. Dial, 104 Fla. 1, 142 Sou. Rep. 233; Green Cove Farms, Inc., v. Ivey, 119 Fla. 561, 161 Sou. Rep. 56; Gibson v. General Farmers' Trust Co'., 116 Fla. 295, 156 Sou. Rep. 714; Hackney v. McKinney, 113 Fla. 176, 151 Sou. Rep. 524; Kennedy v. Hancock, 108 Fla. 601, 146 Sou. Rep. 667; Lee v. Booker & Co., Inc., 108 Fla. 534, 146 Sou. Rep. 546; Milton v. City of Marianna, 107 Fla. 251, 144 Sou. Rep. 400; Patterson v. Grenshaw, 110 Fla. 310, 148 Sou. Rep. 543; Ranger Realty Co. v. Hefty, 112 Fla. 654, 152 Sou. Rep. 439; Ranger Realty Co. v. Miller, 102 Fla. 378, 136 Sou. Rep. 546; Ridgeway v. Reese, 100 Fla. 1304, 131 Sou. Rep. 136; Ridgeway v. Peacock, 100 Fla. 1297, 131 Sou. Rep. 140; Stubbs v. Florida State Finance Co., 118 Fla. 450, 159 Sou. Rep. 527; Securities Land & Inv. Co. v. Ranger Realty Co., 115 Fla. 640, 156 Sou. Rep. 23; Saussy v. Northern Inv. Co., 122 Fla. 265, 165 Sou. Rep. 268; Tax Securities Corp. v. Manatee Corp., 115 Fla. 655, 155 Sou. Rep. 742; West Virginia Hotel Corp. v. Foster Co., 101 Fla. 1147, 132 Sou. Rep. 842; Washbish v. Elvines, 114 Fla. 575, 154 Sou. 315; Wade v. City of Jacksonville, 113 Fla. 718, 152 Sou. Rep. 197.

Where foreclosure suit under Chapter 14572, Acts of 1929, is brought by an assignee of tax certificates sold at tax sale to the State, and by the State subsequently transferred and signed over by the Clerk of the Circuit Court to the plaintiff holder of the tax certificates being sued upon, and it affirmatively appears that the tax certificates sued on were in fact purchased from the State, and bear an en-

dorsement to that effect, executed by the Clerk of the Circuit Court as the State's representative in the transaction purporting to assign same to the plaintiff holder, it is no ground of complaint or defense to a delinquent taxpayer being sued as defendant in such foreclosure for him to attempt to set up that the Clerk of the Circuit Court may have improperly or illegally transferred the State certificates, so long as the complaint exhibits as a basis for the foreclosure suit the assigned certificates themselves bearing an endorsement thereon to the complainant or his predecessor and showing that the same have for a valuable consideration been sold by the State to the purchaser or his predecessor in title to same. See Green Cove Farms, Inc., v. Ivey, 119 Fla. 561, 161 Sou. Rep. 56.

Affirmed.

WHITFIELD, C. J., and ELLIS, TERRELL, BUFORD and DAVIS, J. J., concur.

BROWN, J., dissents.