CECIL A. MCCORD v. D. LEE and the CITY OF TAMPA, a Municipal Corporation.

172 So. 853.
Opinion Filed February 10, 1937.
Rehearing Denied March 10, 1937.

*Cecil A. McCord,* in proper person;

*Edwin Brobston,* for Appellees.

PER CURIAM.—In this cause Mr. Chief Justice ELLIS and Mr. Justice TERRELL and Mr. Justice BUFORD are of the opinion that the decree of the Circuit Court should be reversed for further appropriate proceedings, while Mr. Justice WHITFIELD, Mr. Justice BROWN and Mr. Justice DAVIS are of the opinion that the decree should be affirmed. When the members of the Supreme Court, sitting six members in a body and after full consultation, it appears that the members of the Court are permanently and equally divided in opinion as to whether the said decree should be affirmed or reversed, and there is no prospect of an immediate change in the personnel of the Court, the decree should be affirmed; therefore it is considered, ordered and adjudged under the authority of State, *ex rel.* Hampton, v. McClung, 47 Fla. 224, 37 So. R. 51, that the decree of the Circuit Court in this cause be and the same is hereby affirmed.

Affirmed.

ELLIS, C. J., and WHITFIELD, TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.

ELLIS, C. J. (specially concurring).—It is a general rule of equity pleading that all persons who are materially interested in the event of the suit should be made parties either complainant or defendant. The reason of the rule lies in public policy enforced in courts of equity that a decree should finally and completely determine the rights which all persons have in the subject matter decided so that the parties may safely obey and act upon the decree and the multiplicity of suits or a circuity of proceedings may be avoided. 15 Ency. Pleadings and Practice 584.

That rule is so generally recognized and observed that it is useless to cite further authority in support of it.

The statute law of this State recognizes the principle as

applicable to civil actions at law providing that the real party in interest may at all times be substituted for the person who brings the action for the use of another. See Sec. 4201 C. G. L. 1927.

In equity it has been definitely held by this Court that where a complainant is not interested in the subject matter of the suit he has no *locus standi* and the bill is demurrable. Murrell v. Peterson, 57 Fla. 480, 49 South. Rep. 31; Bridger v. Thrasher, 22 Fla. 383.

From anything appearing to the contrary in the allegations of the bill the complainant, D. Lee, is a proper and necessary party, so the bill will not be demurrable, but the issue as to his or her right to a standing in equity is definitely presented by the following averment in the amended answer: "These defendants are without knowledge as to the existence of the complainant, D. Lee, and are without knowledge that D. Lee has a Solicitor authorized to represent him, or her, and assert that they have been informed and believe that the alleged D. E. Lee is acting in this matter as an agent for an undisclosed principal."

The burden is upon the complainant, when his or her right to maintain the bill by reason of being the real party in interest is presented, to establish his or her right to the subject matter of the controversy. This the evidence wholly fails to do, and no decree therefore could be made binding upon the parties who were the real owners of the certificate or certificates, if indeed there are any such.

I am therefore of the opinion that the decree appealed from should be reversed.

BUFORD, J.—This is a case where the appellant, McCord, was defendant in a suit for the foreclosure of certain tax liens based on certain tax certificates.

McCord was a layman and was not represented by coun-

sel. He prepared his own answer. In that answer, amongst other things, he alleged:

"These defendants are without knowledge as to the existence of the complainant, D. Lee, and are without knowledge that D. Lee has a solicitor authorized to represent him, or her, and assert that they have been informed and believe that the alleged D. Lee is acting in this matter as an agent of an undisclosed principal."

The answer alleged that the certificates sought to be foreclosed were null and void and that in the assessment for the year the taxes for which the land was sold the assessment made by the Tax Assessor was arbitrarily, intentionally and consistently unfair and in such assessment relative values of property similarly situated were disregarded, that is, that in the assessment of the property involved for the year 1927 the Tax Assessor "intentionally, arbitrarily and systematically overvalued the property described in the bill of complaint as compared with other properties in the same class, and the said Board of County Commissioners, sitting as a Board of Equalization, deliberately, intentionally and arbitrarily sustained said assessments which they knew or should have known to be unjust, unequal and discriminatory, and that as a result thereof said property was assessed at more than its proportionate share of the value of the properties of the county, and the tax as levied against said property, if paid, would result in said property bearing an unequal portion of the tax burden of said County and State. That said action on the part of the Tax Assessor and said Board of County Commissioners sitting as a Board of Equalization, in making said assessment and in omitting and failing to make assessments as hereinabove alleged, deprived these defendants of the equal protection of the law guaranteed by the Constitution of the United States and State of Florida,

and will deprive these defendants of their property without due process of law as provided by the Constitution of the United States and State of Florida."

The defendant alleged: "that we are ready and willing and hereby offer to pay all taxes legally and regularly levied against said property for the year 1927, and for all subsequent years, but have made no actual tender of money in payment of said taxes and are unable to make such tender because of impossibility of determining the amount of tax for said years which defendants should pay on their property herein described by reason of the illegal and discriminatory acts of the Tax Officials of Hillsborough County, and hereby offer to do equity by paying the portion of said taxes against said property that may be decreed to be legally and validly due and regularly and legally assessed or levied."

No sufficient objection having been made to the answer and the complainants having accepted the issue that D. Lee was the agent of the real owner of the certificates involved and having attempted to prove the existence of the said D. Lee, we are called upon to determine whether or not the record discloses that D. Lee is the real party at interest having the right to maintain this suit. The record entirely fails to establish that fact. The logical conclusion which must be drawn from the record is that D. Lee is at best a dummy holding the certificates involved in this case in trust for a corporation located in Chicago, Ill., if in fact there is in existence any such person as D. Lee. That such corporation is actually doing business in Florida and evading the statutes requiring qualification here.

The Special Master reported, in part, as follows:

"No evidence was introduced by defendants, all of which was on objection ruled out, but which is submitted, which changes my opinion as to the facts, except the Tax Levy,

by both State and County as well as the City of Tampa, and the Tax Levy or Millage, the sum total being approximately Five Hundred Dollars per annum, amounts to nothing less than confiscation of defendant's property, it being adduced in evidence that he could not sell said property so taxed at any time since the bursting of the boom at more than a Thousand Dollars; however this may be, the evidence disclosed that defendants made no complaint to the Tax Assessor, City or County, or the Boards of Tax Equalizers at any time during the last six years."

If this finding of the Master is correct, and the record amply supports it, the assessments levied on the appellant's land were unjust and confiscatory and should not be sustained. The one certificate which was issued at the sale of 1928 for delinquent taxes of 1927 shows that the tax, costs, and charges for State and County taxes was $247.99; that the amount of the certificate for 1928 was principal $275.97 and interest $106.72. If the certificates are invalid because of the assessment being confiscatory the certificate holder should recover the amount paid for same.

The record does not show what value the lands were assessed on for the years 1927, 1928, and 1929, and 1930, but it does show that in the year 1931 they were assessed at a value of $4,100.00, when the record shows that they were at no time after the collapse of the boom, which this Court takes judicial knowledge occurred early in 1926, worth more than $1,000.00.

The record shows that it would require a great deal more than the total value of the land involved to redeem it from taxes and assessments due.

The record further shows that the suit was filed on November 1, 1932, and that the taxes assessed for 1932 had not been paid by the complainant at the time the suit was

filed as required by Chapter 14,572, Acts of 1929. Section 14 of that Act provides, in part, as follows:

"A Bill of Complaint of the State shall briefly set forth the fact of the issuance of the tax certificate or deed and shall allege the amount required to redeem the same including all omitted subsequent taxes and interest. thereon."

The record shows that the Tax Rolls of 1932 had not been delivered to the Collector at the time the suit was filed, but I do not think that that fact changed the law requiring omitted subsequent taxes to be paid before the complainant maintained the suit. To have paid these taxes may have required him to delay institution of this suit, but I know of no reason to hold that his convenience otherwise warranted a disregard of the requirements of the statutes. If at the time he got ready to bring his suit he could not pay the taxes which had accrued (and taxes accrue when the lien attaches) then he must suffer the inconvenience of waiting until he can comply with the statute in that regard. Suit was prematurely instituted.

For the reasons stated, the decree appealed from should be reversed and the cause remanded with directions that the bill be dismissed. So ordered.

DAVIS, J.—As much as my personal feelings strongly impel me to agree to a reversal of the decree in this case, because the appellant, a layman, has so ably presented his own case to this Court absent the assistance of counsel learned in the law, there are many previous decisions of this Court rendered in cases wherein counsel learned in the law did appear, and were ruled against by this Court, with respect of every matter of law now raised on the present appeal. Because I do not think that our earlier decisions should now be disregarded, unless we can devise a way to undo all that we have decided to the contrary

against others not now before the Court, I respectfully dissent from reversal, on authority of the following decisions of this Court rendered with respect to the propositions now before the Court in this case: Allison Realty Co. v. Graves Inv. Co., 115 Fla. 48, 155 Sou. Rep. 745; Capital Finance Corp. v. Giles, 111 Fla. 527, 149 Sou. Rep. 585; Coral Gables Properties v. Stopler, 115 Fla. 231, 155 Sou. Rep. 799; City of Bradenton v. Lee, 120 Fla. 100, 162 Sou. Rep. 139; City of Sanford v. Dial, 104 Fla. 1, 142 Sou. Rep. 233; Green Cove Farms, Inc., v. Ivey, 119 Fla. 561, 161 Sou. Rep. 56; Gibson v. Central Farmers' Trust Co., 116 Fla. 295, 156 Sou. Rep. 714; Hackney v. McKenney, 113 Fla. 176, 151 Sou. Rep. 524; Kennedy v. Hancock, 108 Fla. 601, 146 Sou. Rep. 667; Lee v. Booker & Co., Inc., 108 Fla. 534, 146 Sou. Rep. 546; Milton v. City of Marianna, 107 Fla. 251, 144 Sou. Rep. 400; Patterson v. Crenshaw, 110 Fla. 310, 148 Sou. Rep. 543; Ranger Realty Co. v. Hefty, 112 Fla. 654, 153 Sou. Rep. 439; Ranger Realty Co. v. Miller, 102 Fla. 378, 136 Sou. Rep. 546; Ridgeway v. Reese, 100 Fla. 1304, 131 Sou. Rep. 136; Ridgeway v. Peacock, 100 Fla. 1297, 131 Sou. Rep. 140; Stubbs v. Florida State Finance Co., 118 Fla. 450, 159 Sou. Rep. 527; Securities Land & Inv. Co. v. Ranger Realty Co., 115 Fla. 640, 156 Sou. Rep. 23; Saussy v. Northern Inv. Co., 122 Fla. 265, 165 Sou. Rep. 268; Tax Securities Corp. v. Manatee Corp., 115 Fla. 655, 155 Sou. Rep. 742; West Virginia Hotel Corp. v. Foster Co., 101 Fla. 1147, 132 Sou. Rep. 842; Washbish v. Elvins, 114 Fla. 575, 154 Sou. Rep. 315; Wade v. City of Jacksonville, 113 Fla. 718, 152 Sou. Rep. 197.

The report of the Special Master found and reported to the Court, and the Chancellor found the report to be true, that the property involved was sold for five years' taxes as follows:

| | |
|---|---|
| 1927 | $247.99 |
| 1928 | 275.97 |
| 1929 | 294.27 |
| 1930 | 267.36 |
| 1931 | 245.58 |

The record shows that the taxes were assessed on the basis of a $4,100.00 State and county valuation and that the property involved consists of a 99-foot frontage residence lot in a valuable subdivision having situate thereon a six-room wooden dwelling house that has been used and enjoyed tax free by the owner ever since the year 1927. Presumptively the owner has had the uninterrupted enjoyment of the use value of same for all of that time without once making any legal contest with either the State, county or city as to the right valuations of his property. It is admitted that the assessed value of the property as far back as 1912 was $1,500.00 State and county and $3,450.00 city on the identical property.

To hold that the bill of complaint should be dismissed on the showing made by this record is to accomplish judicial gift of the tax certificate buyer's money to the delinquent taxpayer, although it was invested in the tax certificate on the strength of the statute laws of this State and the many court decisions that I have cited construing them.

I think the inevitable consequences of the law applicable to this case is that the decree appealed from must be affirmed.