112 So.2d 838 (1959)
Theresa SCHAUER et al., Petitioners,
v.
CITY OF MIAMI BEACH, a municipal corporation, et al., Respondents.
Supreme Court of Florida.
May 8, 1959.
Rehearing Denied July 6, 1959.
*839 Sibley, Grusmark, Barkdull & King, Miami Beach, for petitioners.
Ben Shepard, Miami, and Joseph A. Wanick, Miami Beach, for respondents.
Cypen & Salmon, Miami Beach, for intervenor-respondents.
THOMAS, Justice.
This court granted a petition for certiorari to review a decision of the District Court of Appeal, Third District, on the representation that it conflicted with decisions of this court on the same point of law.
Suit had been instituted in the circuit court for declaratory decree, injunction and other relief and had culminated in a final decree declaring invalid Ordinance No. 1253 of the City of Miami Beach, which amended Ordinance No. 289 of the city, and enjoining enforcement of it.
It was the purpose of the amendatory ordinance to effect a change in the zoning of a large area so that it would not be restricted to use as sites for private residences but could be used as locations for multiple-family buildings and hotels. To pass the ordinance required the affirmative vote of five of the seven members of the city council. Of the five approving votes one was cast by S.J. Halperin who will gain $600,000 by reason of the increase in value of property owned by him in the territory.
The chancellor held, in effect, the because of his interest in the property affected, the councilman was disqualified to vote on the enactment of the ordinance and that, therefore, it failed to carry, hence was unenforceable.
An appeal was taken to the District Court of Appeal, Third District, and that court in a unanimous opinion reversed the decision of the chancellor. It is this decision which the petitioners claim directly conflicts with ones rendered by this court in City of Leesburg v. Ware, 113 Fla. 760, 153 So. 87, and City of Coral Gables v. Coral Gables, Inc., 119 Fla. 30, 160 So. 476.
Adverting to the opinion of the district court of appeal, we find that one basic question was presented to it, namely, whether or not a court may investigate the motive of a council in voting for amendment of a zoning ordinance when the power to enact is vested in the council and is exercised in accordance with law. The court stated its understanding that the motives of a governing body of a municipality in adopting an ordinance of legislative character are not subject to judicial inquiry while actions of judicial tribunals or bodies acting quasi-judicially can be reviewed. With that preface, the court observed that it was not clear from the chancellor's decree in just what category he placed the enactment of the amending ordinance. Then the court announced the opinion that the passage of the original zoning ordinance as well as the amending ordinance were the exercise of a legislative function. We agree with the conclusion notwithstanding the decision in Aldom v. Borough of Roseland, 42 N.J.Super, 495, 127 A.2d 190, upon which the chancellor relied, but which, in the view of the district court and, now of this court, is isolated authority for the proposition that such action by a city council is quasi-judicial.
It is obvious to us that the enactment of the original zoning ordinance was a legislative function and we cannot reason that the amendment of it was of different character.
In its opinion the district court referred to abundant respectable authority for the position that once the legislative nature of the action is established the barrier against judicial incursion is erected. For instance, it was written in Angle v. Chicago, St. P., M. & O.R. Co., 151 U.S. 1, *840 14 S.Ct. 240, 247, 38 L.Ed. 55, 64, as the district court related, that "whenever an act of the legislature is challenged in court the inquiry is limited to the question of power, and does not extend to the matter of expediency, the motives of the legislators, or the reasons which were spread before them to induce the passage of the act. * * *" As a reason for the rule the court continued: "It would not be seemly for either of the three departments [of the government] to be instituting an inquiry as to whether another acted wisely, intelligently, or corruptly. * * *" (Italics supplied.)
We come now to the question whether or not the district court of appeal in classifying the act of the council as legislative and announcing that there should, therefore, be no judicial interference collided with decisions of this court in City of Leesburg v. Ware, and City of Coral Gables v. Coral Gables, Inc., both supra.
In the former case was involved the propriety, or legality, of the action of a bond trustee, who was also president of a bank, in arranging for the transfer from his bank to the trustees of unmarketable bonds of another city and the cancellation of a certificate of deposit held by the trustees so that the bank profited by the manipulation of substituting securities of little or no value for a sizeable amount of money. The dissimilarity of the factual situation then before the court and the one in the present litigation is plain.
The action of the person who served both as bond trustee and president of the bank was condemned as being violative of the public policy of the state. But the question of the motive of one empowered to cast a vote for or against the adoption of an ordinance was not involved, and we understand that the rules by which the two situations should be judged are entirely different. We cannot agree that the wrongdoing in the cited case and the action claimed now to have been improper justify our interfering with the action of the city council on the theory that one of the councilmen should not have voted at all on the question of the adoption of the amending ordinance since he, admittedly, would gain if the ordinance passed. Such a conclusion would result in judicial investigation of legislation to determine what personal interest legislators had when their votes were cast, on the theory that those who had a personal interest in the outcome violated public policy by casting their votes. This theory we reject.
In the latter case the facts are more nearly like the present ones because the incorporator of Coral Gables, Inc., had become a commissioner of the City of Coral Gables and voted on resolutions which had the effect of relieving the corporation of the responsibility it had assumed to make certain street improvements and placing that burden on the city. But it was stated in the opinion that the court did [119 Fla. 30, 160 So. 478] "not understand that the motive of the city commissioners * * * [was] being attacked." Even so the court said that it was "settled that the courts [would] not inquire into the motives of the Legislature in enacting laws."
We think that the apparent disharmony between the decision in City of Coral Gables v. Coral Gables, Inc., supra, and the decision of the district court of appeal under study may have resulted from a comparison with that part of the opinion in the cited case, chosen by the circuit judge as support for his conclusion but evidently not considered by the district court of appeal as relevant to the principal point involved, that "[w]hether in the form of ordinances or resolutions the acts of municipal corporations may be looked into by the courts to determine whether they were legally exercised or whether the purpose accomplished by them was within the scope of its power, or whether they were in fact consummated through fraud or overreaching."
The second portion quoted from the opinion in City of Coral Gables v. Coral Gables, Inc., supra, is inapplicable while the first is apposite.
*841 We have not discovered in the record that the council lacked power to amend the zoning ordinance or illegally exercised it; nor have we found evidence of fraud or overreaching. At the worst the councilman had a selfish interest, possibly with others similarly situated, in changing the status of his property to his financial advantage. But this human quality did not amount to fraud or overreaching. No attempt was made by him to conceal his interest; on the contrary he stated publicly that he would benefit greatly by the adoption of the ordinance.
Aside from the reasons for the general rule given in the cited cases, that is, the preservation of the independence of the three branches of government, it is not difficult to picture the havoc that would be wrought in legislative bodies if each member of them could by decree of the judiciary be declared disqualified to participate in any legislation that affected a class, race, creed, business, profession, occupation, association or trade to which he belonged.
Upon scrutiny of the opinions of this court and the District Court of Appeal, Third District, we come inescapably to the conclusion that no conflict has arisen on the same point of law so the petition for certiorari is 
Discharged.
HOBSON, DREW and THORNAL, JJ., concur.
TERRELL, C.J., and ROBERTS, J., dissent.
THORNAL, Justice (concurring).
I concur in the opinion and judgment prepared by Mr. Justice THOMAS for the reason that there is no doubt about the soundness of the principles of law upon which he relies. Regardless of our concepts of political morals, we are bound by the historical organic prescription that we recognize the line that separates the exercise of legislative power from judicial power. Only chaos would result from the assumption of power by the judiciary to measure the validity of legislation by the motivating factors that induced a Legislator to support the measure. I deem it advisable to point out that by its opinion in City of Miami Beach v. Schauer, Fla.App. 1958, 104 So.2d 129, here under review, the District Court of Appeal, Third District, did not undertake to pass upon the ultimate validity of the ordinance as against the contention that it was unreasonable, arbitrary and confiscatory and an improper exercise of the police power insofar as the property involved was concerned. As a matter of fact, the District Court remanded the cause to the Chancellor for further consideration of these contentions which were tendered by the complaint. For illustration of the distinction see Board of Commissioners of State Institutions v. Tallahassee Bank & Trust Company, Fla. App. 1959, 108 So.2d 74. The sole point presented to the District Court of Appeal, Third District, and consequently the only point decided, had reference to the problem of investigating the motive of the City Commissioner who voted for the municipal legislative enactment. On that score, I think we are compelled to conclude that the Court of Appeal decided correctly with a decision that presents no conflict with the prior decisions of this Court.
ROBERTS, Justice (dissenting).
The third headnote in the report in the National Reporter System of the decision brought here for review, City of Miami Beach v. Schauer, Fla.App. 1958, 104 So.2d 129, 130, reads as follows:
"Where councilman casting favorable vote on amendment to comprehensive zoning plan had a publicly acknowledged financial interest which would be substantially enhanced by adoption of amendment, his financial interest could not invalidate adoption of amendment by council even though his vote was *842 necessary for passage." (Emphasis added.)
To give judicial approval to conduct so obviously opposed to the traditional standards of morals and ethics required of our public officials is to admit a failure in our judicial system; and I, for one am unwilling to concede that an ordinance enacted under such circumstances is beyond the reach of the judicial process.
The decisions of this and other courts are replete with statements respecting the duty of a public official to refrain from participating in official matters in which he is personally or financially interested. This principle "is not only founded upon a wholesome public policy, but is undergirded by the familiar scriptural quotation attributed to One `who spoke as never man spake,' to the effect that `no man can serve two masters.'" Stubbs v. Florida State Finance Co., 1935, 118 Fla. 450, 159 So. 527, 528. This was the rule at common law. City of Coral Gables v. Coral Gables, Inc., 1935, 119 Fla. 30, 160 So. 476.
Legal sanction for the action of the councilman in casting the deciding vote in an official matter by which he stood to gain some $600,000 is sought in the well settled rule that the motives of the members of a legislative body in enacting a particular law are the sole concern of the legislators and the electors who elected them to office, and not of the courts. The impracticability of any other rule, insofar as a state legislature is concerned, is obvious. The dangers inherent in the application of this rule to a governmental agency that exercises both quasi-legislative and quasi-judicial powers are equally apparent. Legislative recognition of such dangers is contained in § 120.09, Fla. Stat. 1957, F.S.A. [Ch. 26854, Laws of 1951] disqualifying a member of "a commission, authority, administrative body or governmental agency existing under the laws of the state" from acting in an official capacity in "a particular investigation, inquiry, hearing, trial, appeal, matter or thing" in which he has any interest, bias or prejudice. The City Council of the City of Miami Beach is a "governmental agency existing under the laws of the state", to wit, Ch. 7672, Special Acts of 1917.
But regardless of whether the Legislature intended § 120.09, supra, to apply to governmental agencies operating at all levels, state, county and municipal  a question that is not presented here and is not decided  all the cases agree that a personal or financial interest disqualifies a member of a municipal council from participating in official action of a quasi-judicial nature. See the cases collected in the annotation in 133 A.L.R. at pages 1258, et seq. It is equally well settled that the courts are not required to assume a "hands-off" attitude where the validity of a contract made by the City is brought into question because of a financial interest therein on the part of councilmen, even though the contractual arrangement was in the form of an ordinance. City of Coral Gables v. Coral Gables, Inc., supra, 160 So. 476. And it is my firm conviction that, in those cases where official action of a municipal body must be based on what is commonly thought of as a "judicial" inquiry, the courts are authorized to and should intervene to determine whether the preliminary judicial inquiry was made by a completely disinterested and impartial body, even though the official action partakes sufficiently of a "legislative" character to require the enactment of an ordinance or resolution to effect it.
Amendments to comprehensive zoning ordinances to take care of hardship cases, or to meet changes in the character of the neighborhood, are typical of this type of quasi-legislative-judicial municipal activity. It is well settled that the enactment of a comprehensive zoning ordinance is the exercise of a legislative and governmental function; and this court holds with the majority of other courts that the amendment of a zoning ordinance, including the granting of a variance to permit a non-conforming use because of an alleged "unnecessary hardship", is sufficiently legislative in character to require that it be done by the city's legislative body and not by a zoning board *843 of appeals. See Josephson v. Autrey, Fla. 1957, 96 So.2d 784. Yet it cannot be doubted that the preliminary inquiry necessary to determine whether a change in zoning should be made in hardship cases, or in cases involving an alleged change in the character of the neighborhood, is judicial in nature. As in Pyatt v. Mayor and Council of Borough of Dunellen, 1952, 9 N.J. 548, 89 A.2d 1, 4, involving an ordinance to vacate a public street, "The process calling for the exercise of discretion by the governing body according to the weight of conflicting public considerations is judicial in quality. Therefore, the ordinances are voidable if any one of the councilmen who participated as quasi-judges was at the time disqualified by reason of private interest at variance with the impartial performance of his public duty." See also Aldom v. Borough of Roseland, 1956, 42 N.J. Super. 495, 127 A.2d 190, involving an amendatory zoning ordinance, in which the same conclusion was reached.
The strict disinterestedness that should be required of municipal councilmen is particularly important in zoning cases, since this court is committed to the rule that if the zoning determination made by the City Council is "fairly debatable", it should not be disturbed by a court. See City of Miami Beach v. Wiesen, Fla. 1956, 86 So.2d 442. And it is only in rare cases that a zoning determination by a City is stricken down by the courts as being not "fairly debatable" as to its reasonableness.
This court said in City of Coral Gables v Coral Gables, Inc., supra, 160 So. 476, 478, that
"Whether in the form of ordinances or resolutions the acts of municipal corporations may be looked into by the courts to determine whether they were legally exercised, or whether the purpose accomplished by them was within the scope of its power, or whether they were in fact consummated through fraud or overreaching."
The fraud referred to was not actual intentional fraud, but fraud in the contemplation of the law, or "legal" fraud. Cf. Stubbs v. Florida State Finance Co., 159 So. 527, supra. And, in my opinion, when a councilman, having an acknowledged financial interest in the passage of an amendatory zoning ordinance of the type here involved, casts the deciding vote in favor of the passage of such ordinance, he is not only guilty of a breach of faith in the exercise of the quasi-legislative and quasi-judicial powers entrusted to him, he has also committed a legal fraud against the people who trusted him. And to hold that the courts are powerless to intervene and invalidate an ordinance enacted in such circumstances would not, in my opinion, be in harmony with the decision of this court in the Coral Gables case, supra.
For the reasons stated, I would quash the the judgment of the District Court of Appeals with directions to enter its order affirming the judgment of the Circuit Court vitiating the adoption of the ordinance in question.
I therefore respectfully dissent.