BARKDULL, Judge.
This is an appeal from a final decree dismissing appellant-plaintiff’s action for mandatory injunction to require the appel-lee-defendants to renew 15 taxi cab permits for use within the defendant municipality. The intervenor was permitted to join in the lower court, as it was a holder of validly issued permits of the same municipality. The record reveals that for the fiscal year 1958-1959, the municipality issued 23 taxi *5 cab permits; 16 to the intervenor Morse, 2 to the plaintiff and the balance to other companies. During the fiscal year 1959-1960, the municipality, through its legislative body the Village Council, determined to issue a total of 46 taxi cab permits; 16 of which were once again issued to the intervenor Morse, 15 to the plaintiff and the balance to two other concerns. For the fiscal year 1960-1961, the Village Council of the municipality, in their discretion, determined to issue only- 23 taxi cab permits; again 16 to Morse, 3 to the plaintiff and the balance to a third company. Thereafter, this suit was instituted in the nature of a mandatory injunction by the plaintiff to compel the municipality to issue to it 15 permits for the fiscal year 1960-1961, this being the same number it had had during 1959-1960, charging that the action of the Village Council as the legislative body of the municipality was arbitrary and capricious and, further, that in reliance upon having received 15 certificates for the year 1959-1960 the plaintiff had entered into a three-year contract with hotels, which required it to furnish services and which it would be unable to do without the use of' 15 taxi cabs.
Upon the filing of the complaint, a temporary injunction was issued and upon final hearing the chancellor determined, as a matter of law, that the municipality had a right to refuse to renew the permits sought by the plaintiff, dissolved the temporary injunction and dismissed the complaint.
The plaintiff, by its assignments of error and points on appeal, has urged that the chancellor erred in refusing to permit certain testimony relative to discussions at the Village Council meetings, statements of certain administrative officials of the Village, and refusing to permit introduction into evidence of the contracts with the hotels, and the finding by the court that the municipality was within its rights in refusing to re-issue the permits to the plaintiff for the subsequent year. As to the proffered testimony relative to conversations at the Village Council meetings, the minutes themselves are the best evidence of the action of the Village and they were introduced into evidence. See: Beck et al. v. Littlefield et al., Fla.1953, 68 So.2d 889; 23 Fla.Jur., Municipal Corporations, § 53; 13 Fla.Jur., Evidence, § 407. No error was committed in refusing this testimony. The contracts between plaintiff and third parties were not material to a determination of the issues in this cause, and no error was committed in refusing their introduction into evidence. See: Chicago & Alton Railroad v. Tranbarger, 238 U.S. 67, 35 S.Ct. 678, 59 L.Ed. 1204.
The principal complaint of the plaintiff is the failure of the municipality to issue the same number of permits to it for a subsequent year as it had held the the prior year. This was a matter within the legislative discretion of the governing officials of the Village, and without proof of wrong-doing in the matter of fraud, etc., in arriving at this decision, the courts will not normally substitute their judgment for that of the village officials. See: Schauer et al. v. City of Miami Beach et al., Fla.1959, 112 So.2d 838, 71 A.L.R.2d 562; Jarrell v. Orlando Transit Co., 123 Fla. 776, 167 So. 664; State ex rel. Pennington v. Quigg, 94 Fla. 1056, 114 So. 859. Moreover, the record in this cause clearly demonstrates that the Village Council of the municipality was well within its discretion in reducing their permits for the year 1960-1961 to the level which had existed prior to the year 1959-1960, and the plaintiff, having been the last to be the recipient of the increase during the year 1959-1960, should be the first to be affected upon any reduction which was occasioned in the year 1960-1961. This was not a situation where the permits were taken from the plaintiff and given to the intervenor. As previously pointed out, the intervenor, through all the years material, has received the same number of permits. Therefore, no error is demonstrated in the chancellor’s ruling.
The municipality’s cross assignments of error in regard to attorney’s fees and argu *6 ment thereon have been examined and found to he without merit on this record.
No reversible error being shown, the final decree is affirmed.
Affirmed.