256 So.2d 556 (1972)
WEBSTER OUTDOOR ADVERTISING COMPANY, Appellant,
v.
CITY OF MIAMI, a Municipal Corporation, Appellee.
No. 71-1105.
District Court of Appeal of Florida, Third District.
January 13, 1972.
Shutts & Bowen, and Thomas Britton, Miami, for appellant.
Alan H. Rothstein, City Atty., and Larry J. Hirsch, Asst. City Atty., for appellee.
Before SWANN, C.J., and CHARLES CARROLL and HENDRY, JJ.
PER CURIAM.
The appellant owns and operates certain advertising display billboards in the City of Miami. The six signs involved here were declared to be nonconforming uses, some in 1961 and some in 1962, by ordinances which amended the comprehensive zoning ordinance of the city. Those amendatory ordinances did not provide any period after which the nonconforming signs would be required to be removed. On July 20, 1965, the city commission enacted an ordinance further amending its comprehensive zoning ordinance in a number of respects. Included therein was the following:
"Section 5. Article XXVIII  Non-Conforming Buildings and Uses, Section 3, is hereby amended by adding a new sub-paragraph (3), (b) as follows:
"(b) Any sign, except a roof sign, which may become non-conforming as a result of any amendments to this Ordinance shall be completely removed from the premises, or altered to conform, not later than five (5) years from the date on which such use becomes non-conforming. Roof signs, and their supporting members, shall be completely removed from the premises not later than twelve (12) years from the date on which they become non-conforming."
*557 Thereafter that provision of the amendatory ordinance of 1965 was codified in the comprehensive zoning ordinance to read as follows:
"(3) Continuation of Signs  Billboards
"(b) Any sign, except a roof sign, which may become non-conforming as a result of any amendments to this Ordinance shall be completely removed from the premises, or altered to conform, not later than five (5) years from the date on which such use becomes non-conforming. Roof signs, and their supporting members, shall be completely removed from the premises not later than twelve (12) years from the date on which they become non-conforming."
When five years had elapsed after the above amendatory ordinance of July 20, 1965, the city, by written communications on December 15, 1970, and January 8, 1971, called upon the appellant for the removal of the signs. The appellee did not comply with the city's demand for removal of the signs, but filed this action on January 13, 1971, seeking to have the 1965 removal ordinance declared to be unconstitutional, and to enjoin its enforcement. A preliminary injunction was issued. After final hearing a judgment was entered October 15, 1971, which dissolved the preliminary injunction and held the city was entitled to compel removal of the billboards.
On this appeal by the plaintiff below the argument is presented that the amendatory ordinance of July 20, 1965, cannot be the basis for removal of the previously declared nonconforming use signs for the reason, it is urged, that the 1965 amendment could only relate to such signs as should become or be declared nonconforming uses after the date of its passage on July 20, 1965.
A material factor here is that the July 20, 1965, amendatory ordinance, which fixed the five year limit for continuance of such nonconforming use signs, did not itself create or declare any signs to be nonconforming uses. Therefore, the reference in that amendment to signs "which may become non-conforming as a result of any amendments to this Ordinance" did not have reference to the said amendatory ordinance of 1965, but necessarily had reference to signs which were nonconforming under the comprehensive zoning ordinance as amended. Inasmuch as the signs involved in this case became nonconforming uses by amendments to the comprehensive zoning ordinance, the trial court was eminently correct in construing the ordinances, as read together, to entitle the city to compel the removal of such signs at a date which was more than five years after the passage of the amendatory ordinance which provided for their removal after such a five year period.
We approve the trial court's disposition of the questions presented, as disclosed in the extensive opinion judgment entered there.
Affirmed.
HENDRY, Judge (dissenting).
I respectfully dissent from the views expressed in the majority opinion, and would reverse the judgment appealed.
This expedited appeal concerns a narrow question of the proper statutory construction of a zoning ordinance relating to removal of billboards. The provisions of the ordinance as passed on July 20, 1965, and codified are quoted in the majority opinion.
First, the City contends that the phrase "this Ordinance" refers to the comprehensive zoning ordinance No. 6811 rather than the amendatory ordinance No. 7338. Webster Outdoor Advertising asserts that the phrase "this Ordinance" refers to the amendatory ordinance No. 7338 rather than the comprehensive zoning ordinance.
Next, the City explains that the provision: "which may become non-conforming as a result of any amendment to this Ordinance" refers to the comprehensive zoning ordinance, and not the amendatory ordinance No. 7338. The City continues by stating *558 that under other applicable provisions of the comprehensive zoning ordinance specifying permissible use under particular zoning classifications, all the signs in question here became non-conforming in either 1961 (C-2, or community commercial, under ordinance No. 6954, amending the comprehensive zoning ordinance) or 1963 (W-I, or waterfront industrial, under ordinances No. 7172 amending the comprehensive zoning ordinance.), and not in 1965. Webster Outdoor Advertising urges that the six sign locations became non-conforming before the enactment on July 20, 1965, of ordinance No. 7338  four because non-conforming on November 22, 1961 and the other two on November 22, 1963. The City has agreed that these signs were non-conforming before the effective date of ordinance No. 7338.
Further, the City argues that since ordinance No. 7338 amended the 1961 comprehensive zoning ordinance, the amendment relates back to any sign that had become non-conforming after June, 1961, the effective date of the comprehensive zoning enactment. The appellant advertising company takes the position that the City is faced with a dilemma: (1) The rules of construction applicable to amendatory statutes is that amendments are prospective in application only, absent an expressed or clearly implied intent to the contrary, thus rendering the ordinance inapplicable to these signs, however, (2) if the instant amendatory ordinance is given retrospective application, then this construction would render this regulatory comprehensive zoning ordinance, which imposes penal sanctions, a prohibited ex post facto law or a prohibited denial of due process. As I understand the argument, the City would avoid the dilemma by taking the position that the clear intent of ordinance No. 7338 was to be retroactive in effect as to determination of non-conformity with zoning restrictions in C-2 and W-I districts, but prospective as to the beginning date (1965) for computation of the five-year period for removal. The advertising company asserts this makes the ordinance read "have become non-conforming" rather than "shall become non-conforming."
The governing general rule is that statutes and ordinances should be given a reasonable and not a tortured construction. See: Johnson v. Presbyterian Homes of the Synod of Florida, Inc., Fla. 1970, 239 So.2d 256, 262-263. Another rule is that amendatory enactments are presumed to operate prospectively rather than retrospectively. See: Quality Lime Products, Inc. v. Acme Paving Company, Inc., Fla.App. 1961, 134 So.2d 42. The parties agree these are the principles determining the proper resolution of the case, but as we have seen, they apply the rules differently.
The principles of statutory construction are well known. A literal construction is preferred. However, a literal construction of a legislative enactment should not prevail if it is opposed to the intention of the legislative body and only if the words are sufficiently flexible to admit a construction effectuating that intent. See: Addison v. Holly Hill Fruit Products, Inc. (1944), 322 U.S. 607, 617-618, 64 S.Ct. 1215, 88 L.Ed. 1488. In view of the contentions of the parties, I would find no ambiguity in this regulatory enactment providing for penal sanctions.
As written, the ordinance is prospective. To give it retrospective application, the intent of the legislative body must be expressed or clearly implied. Finding no such clear implication or explicit statement that the ordinance be given such retrospective application, it must be given prospective application. Therefore, by giving the ordinance prospective application, the signs in question are not in violation of the ordinance under which the City seeks to have them removed.
Assuming that the legislative intention compels a retrospective construction, such a construction would not be reasonable; it would be a tortured interpretation. The majority opinion has accepted the City's interpretation that the phrase "which may become non-conforming" necessarily had reference to the comprehensive zoning ordinance *559 as amended, rather than the July 20, 1965 ordinance No. 7338, because the July 20, 1965 ordinance did not make any signs non-conforming. I cannot subscribe to this view; assuming that City had intended such a result, the July 20, 1965 ordinance could have so provided in explicit terms. The ordinance read "shall become non-conforming," and not "have become non-conforming." The language is so specific that it is not flexible enough to yield a retrospective construction. In addition, a retrospective construction here would subject parties to prosecutions for violations of the municipal ordinance, thereby raising serious constitutional questions. These constitutional questions may be avoided by following the language of the ordinance, and applying the billboard section prospectively only.
Under the complaint for declaratory judgment, the lower court made gratuitous determinations that ordinances Nos. 6954, 6871, and 7172 were constitutional, where only ordinance No. 7338 was at issue. See: City of Miami Beach v. Klinger, Fla.App. 1965, 179 So.2d 864. Therefore, I would strike these determinations that these three additional amendatory zoning ordinances were constitutional.