HENDRY, Judge.
Appellants, respondents below, are the City of Opa Locka, the mayor and city commissioners. They seek review of a writ of prohibition absolute entered by the circuit court in due course upon the filing of a suggestion for the writ by appellee Tepper, the city manager.
The facts relevant to this litigation appear to be that the city commission sought to dismiss Tepper as city manager. At a special meeting of the commission one of *102 the commissioners, after announcing that he was personally dissatisfied with the manner in which the city manager had been making decisions and with many of the things he was doing, moved that the manager’s resignation be requested. The motion was unanimously passed by the four commissioners who were present. In view of the provisions of Section 10 of the city’s charter, as amended, the meeting was continued to a later date at which time one of the commissioners presented to the commission the following charge against City Manager Tepper:
“I charge that the City Manager, during the period of his employment continued to develop and reach major policy decisions affecting the city without holding executive or special meetings with the commission, or suggesting policy matters at a regular scheduled meeting so as to inform the commission and the public as to the basis of the decisions, thus causing the commission to lose faith in the ability of the manager to effectively administer the managerial form of government as provided by the City Charter.”
The commission voted four-to-one on a motion that such charges would constitute charges which the city manager may answer. A date for a public hearing was set. On the date specified, the charges were restated. The city manager moved to dismiss the charges. The motion was denied by a majority vote of the commission. Whereupon the manager moved to disqualify commissioners Goodson, Anderson and Mayor Wells because of alleged bias and prejudice by virtue of indicating their intention to discharge the manager at a meeting of the manager’s supporters held prior to the public hearing. The mayor and commissioners refused to disqualify themselves.
A suggestion for a writ of prohibition was filed in the circuit court by the city manager and a rule nisi was issued; responses were filed by the respondents and a hearing held which resulted in the issuance of a writ of prohibition absolute which reads:
“This cause having come on to be heard before the court on the Suggestion for Writ of Prohibition of the relator and a response having been filed by the respondents and the court having heard argument of counsel;
“It affirmatively appears that a public hearing was commenced and would have proceeded in the absence of these proceedings ; and
“It appearing clearly from the exhibits offered by the relator establishing that Section 10, Article 2, of the Charter of the City of Opa Locka provided prior to its amendment that the City Manager would serve at the will of the people but, that subsequent to said amendment and as presently constituted, Section 10 requires that a removal occur ‘only after a public hearing at which all charges against him shall be made and he be given an adequate opportunity to answer such charges;’ and
“It further appearing that Section 10, Article 2, as amended, now requires the City Commission to sit in a quasi-judicial capacity; and
“It further appearing that three Board Members, to-wit: Kenton N. Wells, Bert T. Goodson and Robert J. Anderson, have sufficient bias, prejudice, interest or other cause sufficiently established and shown by the motions for disqualification filed before said respondents that they could not conduct a public hearing on ‘charges’ and afford the relator an ‘adequate opportunity’ to be heard on such charges as required and prescribed by the due process guaranteed to him to a fair and impartial tribunal which is a right afforded to him under both the Florida and Federal Constitutions, the denial of which would not be remedied by an appeal ; and
“It further appearing to the court that the City of Opa Locka, through its City *103 Commission and the three named individual respondents, should not proceed further to hear the charges framed against the relator so long as the three members decline to recuse themselves and the court being otherwise duly advised in the premises, it is
“Considered, Ordered and Adjudged as follows:
“1. That the Writ of Prohibition absolute be and the same is hereby issued by this Court and the respondent City and the three individual respondents, to-wit: Kenton N. Wells, Bert T. Goodson and Robert J. Anderson, be and they are hereby prohibited from proceeding further to hear the aforesaid charges against the relator so long as the three members of the Commission decline to recuse themselves and to provide for an appropriate remedy under law by which said relator may be afforded the due process guaranteed to him to a fair and impartial tribunal as required and compelled under law.
“That this court retains jurisdiction over the parties and the subject matter for the purpose of enforcing this writ as well as for the purpose of establishing the relator’s rights, if any, to costs and attorneys’ fees as prayed for in said Suggestion.”
It is from the Writ of Prohibition Absolute that this appeal is taken. The points on appeal urged by the appellants for reversal are (1) that the trial court erred in holding that the city manager does not serve at the will of the commission and that the procedure for removal of the manager constitutes a quasi-judicial trial; (2) that the court erred in finding that the predetermination of a commissioner to vote for the passage of a resolution removing the city manager from office is a prejudicial and biased act so as to require the recusion of the commissioner; and (3) the court erred in its interpretation of Article XII, Sec. 178 'of the Charter of the City of Opa Locka by retaining jurisdiction to decide the question of assessing attorney fees and costs against individual commissioners subject to the Writ of Prohibition Absolute.
Under the first point, it is argued by appellants that the trial court erred in its interpretation of Article II, Section 10 of the Charter, as amended in 1962 and its determination as to the nature of the proceedings required for the removal of the city manager and his status in relationship to the city commission of Opa Locka.
At the time the suggestion was filed, Art. II, § 10 of the Charter, as amended in 1962, read as follows:
“The Commission shall appoint a City Manager wlm shall have the powers and perform the duties in this Charter provided . . . He shall be appointed by resolution of the Commission and shall be removed by resolution adopted by at least a majority of all its members only after a public hearing at which all charges against him shall be made and he be given an adequate opportunity to answer such charges.”
Before the amendment Section 10 provided :
“He (the City Manager) shall hold office at the will of the Commission and may be removed by affirmative votes of at least a majority of all its members.”
It is apparent from an examination of the original and amended sections of the charter that material changes were made by omission of provisions and by addition of other provisions.
The rules of construction to be followed in construing municipal ordinances are the same as those governing the construction of state statutes. The provisions of the charter must be considered as a whole. Alsop v. Pierce, 155 Fla. 185, 19 So.2d 799, 802.
The provisions should be construed so as to be reasonable (see: Johnson v. Presbyterian Homes of Synod of Florida, Fla.1970, 239 So.2d 256, 262-263) and consistent with one another (see: Alsop v. Pierce, supra). *104 The city charter has adopted a city manager-commission form of government. E.g., Charter of the City of Opa Locka, Art. I, § 3; Art. II, §§ 9 and 28. Courts should not supply a construction which would defeat the legislative purpose, which would here tend to defeat the commissioner-manager form of government. See: Webster Outdoor Advertising Company v. City of Miami, Fla.App.1972, 256 So.2d 556 (released January 13, 1972.)
The circuit court in prohibiting further action to remove the manager stated that the three commission members who refused to recuse themselves thereby failed to afford the city manager due process and a fair and impartial tribunal. We express the view that this was error.
The motives of a governing body of a municipality in adopting an ordinance of legislative character are not usually subject to judicial inquiry, while actions of judicial tribunals or bodies acting quasi-judicially can be reviewed. Schauer v. City of Miami Beach, Fla.1959, 112 So.2d 838, 839, 71 A.L.R.2d 562 discharging cert., Fla.App.1958, 104 So.2d 129 (this case antedates the anti-conflict of interest ordinances now part of city codes). Whenever an act of the Legislature is challenged in court the inquiry is limited to the question of power, and does not extend to the matter of expediency, the motives of the legislators, or the reasons which were spread before them to induce the passage of the act. Id., 112 So.2d at p. 840. The same principle applies in the main to municipal legislative bodies. But cf. State ex rel. McIver v. Swank, 152 Fla. 565, 12 So.2d 605, 608. Furthermore, in smaller communities particularly city commissioners often have an intimate knowledge of the facts at hand, obviating a need for a public hearing to validate action on their part, absent an organic law requirement for holding such a hearing. State ex rel. Mclver v. Swank, supra, 12 So.2d at p. 607. A resolution providing for removal of city employees is a legislative act. State ex rel. Mclver v. Swank, supra.
Appellant argues that § 120.09, Fla.Stat., F.S.A. supports his due process argument as to recusation. Section 120.09, Fla.Stat., F.S.A., concerning recusation, has been given a wider application than many of the other provisions of Florida’s Administrative Procedure Act, Ch. 120, Fla. Stat., F.S.A. However, the terms of § 120.-09, Fla.Stat., F.S.A. are particularly inapplicable to city commissions and should not be applied or construed to govern the legislative deliberations of city commissions. Cf.: § 120.011 with § 120.20 Fla.Stat., F.S. A.; in connection with Board of Public Instruction of Duval County v. Sack, Fla.App.1968, 212 So.2d 819, 822, see §§ 120.021(1) and 120.21(1), Fla.Stat., F.S.A.; see also, § 120.021(2) and 1964 Op.Atty.Gen. 064-167, November 20, 1964.
The manager was given the right to reply to the “charges” before a public forum. The public hearing was in compliance with the procedural requirements in the Charter relating to the removal of the city manager by resolution. As the cited authorities indicate, a trial type hearing was not contemplated by the Charter; neither due process nor the provisions of the Florida Administrative Procedure Act are violated by the type of public hearing held here.
We have examined the case of Bowen v. Mayor and Council of Long Branch, 79 N.J.Super. 177, 191 A.2d 79 (1963), but find it distinguishable on the law, as the parties appear to agree. Therefore, the reasoning, though cogent, does not dissuade us from our view.
In view of the foregoing, the trial court erred in interpreting § 178 of the Charter by retaining jurisdiction to decide the question of the assessment of attorney’s fees and costs. The section provides:
“Should it become necessary for a citizen or group of citizens to take court action against the officials of the city to require compliance with any section of this Charter, upon decision by the court in favor of the plaintiff, all costs of the litigation, including City Attorney’s fees, *105 court costs, and reasonable attorney’s fees for the plaintiff, shall be prorated and an equal share assessed against each commissioner, personally, whose vote made the litigation necessary.”
For the reasons stated we hold that the trial court erred in granting the writ of prohibition.
The judgment in prohibition is therefore reversed and the cause remanded with directions to dismiss the suggestion.
Reversed and remanded with directions.