QUESTION:
Is a conflict-of-interest situation created when a business entity which a county retains as "liaison" with state government is owned by the same persons who own another business entity which sells commodities to that county on a competitive bid basis?
SUMMARY:
No conflict-of-interest situation is created when a business entity which a county retains as "liaison" with state government is owned by the same person who owns another business entity which sells commodities to that county on a competitive bid basis.
According to your factual description, a county is considering retaining a business entity to act as county "liaison" (as you characterize it) with state government. The business entity is apparently owned by the same persons who own another business entity which sells commodities to that county on a competitive bid basis. You inquire as to whether these circumstances may create a conflict of interest.
There are several general methods by which a conflict of interest may arise under the law of this state. First, there may be a violation of the Standards of Conduct Law, ss. 112.311-112.318, F. S. Such a violation may occur if a county officer or employee of a county has any interest, financial or otherwise, direct or indirect, or engages in any business, transaction, or professional activity or incurs any obligation of any nature which is in substantial conflict with the proper discharge of his duties in the public interest. Section 112.311.
However, as indicated above, in order for the Standards of Conduct Law to apply, there must be a county officer or employee involved. In this regard, the contractual relationship between a county and a business entity which sells commodities to the county does not make that business entity — or its employees — a county officer or employee. In addition, if a county retains a business entity to act as a liaison (or lobbyist) with state government, that business entity — or its employees — does not necessarily become a county officer or employee either. This is especially true if, as here, the business entity retained is a corporation, which, in the absence of fraud or misleading purposes, generally has a separate and distinct identity apart from its shareholders. [See] 18 C.J.S. Corporations ss. 4 and 5, pp. 368-376. Thus, the Standards of Conduct Law is inapplicable in the situation you describe.
Second, there may be a violation of the provisions of Ch. 839, F.S. Again, however, the provisions of that chapter — particularly s. 839.08, which prohibits a county officer from purchasing supplies or materials from himself or from any firm in which he is interested — require that there be a county officer or member of a county board involved (see also s. 839.09, which prohibits county boards from purchasing supplies from any firm or corporation in which a board member is interested; and s. 839.10, which prohibits county officers and members of county boards from bidding for, or entering into, or being in any manner interested in any contract for public work for which the said officer or board is or may be a party to the letting). As indicated previously, however, the situation you describe does not involve a county officer or member of a county board, therefore precluding the application of Ch. 839.
Finally, the foregoing provisions of Ch. 839, supra, and, to a certain extent, the Standards of Conduct Law, are grounded upon the time-honored principle that one cannot serve two masters. City of Coral Gables v. Weksler, 164 So.2d 260 (3 D.C.A. Fla., 1964), aff'd mem., 170 So.2d 844 (Fla. 1964); Stubbs v. Florida State Finance Co., 159 So. 527, 528 (Fla. 1935); AGO 073-215. As stated in Weksler, supra, at p. 263,
"The conflict of interest theory is based, as we understand it, on the fact that an individual occupying a public position uses the trust imposed in him and the position he occupies to further his own personal gain. It is the influence he exerts in his official position to gain personally in spite of his official trust which is the evil the law seeks to eradicate."
Here, the owners of the business entity which will act as county liaison with state government occupy no official county position. Moreover, even if it were assumed that said owners occupy such a position, I see no real possibility that they would be able to exert influence in that position to affect the purchase of the commodities their other business entity sells to the county. This is especially true since these commodities are purchased on a competitive bid basis. Thus, no "dual-agency" situation exists here, and there appears to be no violation of public policy in this respect. Cf., City of Miami v. Benson, 63 So.2d 916.
Your question is answered in the negative.