QUESTION:
Is a conflict of interest created if a member of a water management district governing board, who has performed professional consulting services for a utility company in connection with a potential power plant site located within the boundaries of the water management district, submits his final report to that company following his appointment to said board?
SUMMARY:
No conflict of interest is created if a member of a water management district governing board, who has performed professional consulting services for a utility company in connection with a potential power plant site located within the boundaries of the water management district, submits his final report to that company following his appointment to said board.
You state that, prior to your acceptance of an appointment to the governing board of a water management district, your professional services as a consultant were engaged by a utility company. These services were in connection with an environmental study of a potential power plant site located within the boundaries of the district. Your final report to the utility company with respect to this study has not yet been delivered. Against this background, you inquire as to the possibility of a conflict of interest if you submit the final report and receive payment therefor.
Section 112.311, F.S., of the Standards of Conduct Law, declares the legislative policy to be that no officer or employee of a political subdivision of the state shall have any interest, financial or otherwise, direct or indirect, or engage in any business, transaction, or professional activity or incur any obligation of any nature which is in substantial conflict with the proper discharge of his duties in the public interest. However, it is also the express legislative intent that the Standards of Conduct Law not prevent an officer or employee of a political subdivision from accepting other employment which does not interfere with the full and faithful discharge of his public duties. Section 112.316, F.S.
Initially, it must be stated that a member of the governing board of a water management district, a political subdivision of the state, is subject to the provisions of the Standards of Conduct Law. Attorney General Opinion 073-160. The specific provisions of the law which might be applicable in the instant situation are in s. 112.313(2), (3), and (4), F.S. Also relevant here is s.286.012, F.S.
Section 112.313(3), supra, prohibits an officer or employee of a political subdivision of the state from using, or attempting to use, his official position to secure special privileges or exemptions for himself or others. However, there appears to be no present violation of this provision in the situation you describe.
Section 112.313(4), supra, prohibits an officer or employee of a political subdivision from accepting employment or engaging in any business or professional activity which he might reasonably expect would require or induce him to disclose confidential information acquired by him by reason of his official position. Although this provision places primary responsibility for determining such expectancy of disclosure upon the officer or employee involved, again there appears to be no likelihood that a violation of this provision will occur in the instant situation.
Finally, s. 112.313(2), supra, requires that an officer or employee of a political subdivision who is an officer, director, agent, or member of, or owns a controlling interest in, any business entity which is subject to the regulation of, or which has substantial business commitments from, any public agency file a sworn statement disclosing such interest with the appropriate circuit court clerk. The utility company you describe is a regulated business entity. Chapter 366, F.S. However, your relationship as a professional consultant does not appear to fall within the purview of the disclosure provision of the statute.
It might also be noted that s. 286.012, supra, prohibits a member of a governmental body from abstaining from voting "except when, with respect to any such member, there is or appears to be a possible conflict of interest under the provisions of [the Standards of Conduct Law]. Attorney General Opinion 073-198. It was said in AGO 073-121 that this exception is based on the time-honored principle that no man can serve two masters. See Stubbs v. Florida State Finance Co., 159 So. 527 (Fla. 1935). Your factual description does not suggest an application of this exception with respect to your submission of the final report in question. Such a situation may arise in the future, however, if a utility company for which you are then performing services in connection with a proposed project seeks approval of that project by the district governing board.