QUESTION: Is a conflict of interest created when an educational "needs assessor" employed by a district school board sells products to school principals within the district?
SUMMARY: In order to avoid a violation of the spirit and intent of the Standards of Conduct Law, an educational "needs assessor" employed by a district school board should refrain from completing the sales of "mathematics kits" to school principals within that district and should disclose his agency relationship with the manufacturer of such kits. Initially, it must be stated that the applicability of relevant statutory provisions and rules of public policy to the instant situation is impossible for me to determine, since you do not describe with any detail your official duties as a school district educational "needs assessor." Being thus unfamiliar with your official duties, I cannot make a dispositive ruling here. However, in an effort to be of some informal help to you in this matter, I draw your attention to the following legal proscriptions. Firstly, the Standards of Conduct Law, ss.112.311-112.318, F.S., generally prohibits public employees from possessing any interests, financial or otherwise, direct or indirect, or engaging in any commercial activities, which are in substantial conflict with their duties in the public interest. Section 112.311. In this regard, you state that you do not feel that any of the school principals whom you have approached as prospective purchasers of "mathematics kits" "would associate [you] as the `need assessment' evaluator and thus be forced to buy [your] product as a result of the need assessment program." (Emphasis supplied.) Section 112.313(3), id., of the Standards of Conduct Law, prohibits public employees from using their official positions to secure special privileges for themselves or others. It is assumed from your above-quoted statement that, in completing the sales initiated by you prior to accepting your position as needs assessor, you would not intentionally utilize that position to influence one or more of your prospective purchasers to buy the mathematics kits, which utilization may constitute a criminal violation of s. 112.313(3). However, it seems to me that the likelihood of your prospective purchasers becoming aware of your official position and thereby being influenced to purchase the mathematics kits is such that, if not the letter, the spirit and intent of the Standards of Conduct Law may be violated by the mere undertaking of this outside employment; and I cannot, in good conscience, approve an outside employment in which the misuse of official position — even though unintentional — could so easily occur. Accordingly, it is suggested that the more appropriate course of action would be for you to arrange for the completion of the sales initiated by you by some other employee of the company which produces the mathematics kits, and for you to refrain from further activity in this respect.
By way of further information, you should also be aware of s.112.313(4), id., which prohibits public employees from accepting employment or engaging in any business activity which they might reasonably expect would require or induce them to disclose confidential information acquired by them by reason of their official positions. This provision appears to place the burden on the individual employee involved to determine whether an inducement to disclose confidential information is likely. Attorney General Opinion 073-13. See also s. 112.313(5), which prohibits public employees from disclosing confidential information obtained by reason of their official positions or from otherwise using such information for personal gain or benefit. Another legal proscription which may be violated in the instant situation is that established by the time-honored principle that one cannot serve two masters. City of Coral Gables v. Weksler,164 So.2d 260 (3 D.C.A. Fla., 1964), aff'd per curiam 170 So.2d 844
(Fla. 1964); Stubbs v. Florida State Finance Co. 159 So. 527, 528
(Fla. 1935); AGO 073-215. For example, such a "dual agency" situation may be created in the instant situation if you were utilizing in any way your position as school district educational needs assessor to promote your sales of mathematics kits. [Such promotion would, as indicated previously, also constitute a criminal offense, pursuant to s. 112.313(3), supra.] Finally, it should be noted also that s. 112.313(2), supra, of the Standards of Conduct Law, requires public employees to disclose an interest as officer, director, agent, or member of, or owner of a controlling interest in, any business entity that has substantial business commitments from any state agency, county, city, or other political subdivision of the state. Therefore, if the private business entity for which you are a sales agent does substantial business with school district officials, you must file a statement with the clerk of the circuit court in your county disclosing your interest in that business entity.