NATHAN, Judge,
dissenting:
I respectfully dissent and would reverse the conviction and sentence for perjury. The record in the original proceedings was silent as to whether the defendant was sworn. A court speaks only by its record, and when that is deficient the remedy is by correction to make the record speak the truth and not by attempt to supply the omission by evidence aliunde. Perkins v. Mayo, 92 So.2d 641 (Fla.1957). Approval of the procedure employed by the State in this case violates the best evidence rule. See North Beach Yellow Cab Company v. Village of Bal Harbour, 135 So.2d 4 (Fla. 3d DCA 1961).
In my opinion, the trial judge in the original proceedings is the only practical source of supplementing the record with the information as to whether the defendant was sworn before testifying. However, the State failed to pursue this avenue, and chose to rely solely on the testimony of two police officers to supply an omission to the record on that material point. Where, as in this perjury case, the swearing of the witness is an essential element of the offense, justice requires that such alteration of the record be properly made by the trial judge presiding over the original proceedings. Moyer v. Moyer, 114 So.2d 638 (Fla. 3d DCA 1959).
For these reasons, I would revérse and remand for a new trial.